## JONES AND CONNER v. JEMISON AND STEWART.

1. The County Court, on the final settlement of an estate, has no jurisdiction to render judgment against any person but the representatives of the estate to be settled.

WRIT of Error to the County Court of Pickens.

The transcript certified to this Court with the writ of error, states the proceedings of the County Court with respect to this case in the following manner:

"On the final settlement with Robert Jemison, Jr. and Charles Stewart, as executors of the last will and testament of Wm. Booker, deceased, Aurelius N. Jones and Wm. F. Connor, executors of the last will and testament of Sarah N. Booker, being present. And the matters of the settlement having been referred to George B. Saunders, as auditor, and the accounts and vouchers examined by the Court, it appears that the debts against the estate and legacies have been satisfied, as described by the will of the said William N. Booker, deceased, by his said executors, as appears by the account current and vouchers filed. And it further appears that there is in the hands of the said Aurelius N. Jones and William F. Connor, as executors of the last will and testament of Sarah N. Booker, deceased, the sum

of $4,101, due to the said Robert Jemison, Jr. and Charles Stewart, as guardians of the estate of Edith M. Booker, a minor, and legatee in the will of the said William N. Booker, deceased. Ordered, therefore, that Robert Jemison, Jr. and Chas. Stewart, as guardians of Edith M. Booker, recover of Aurelius N. Jones and William F. Connor, executors of the last will and testament of Sarah N. Booker, the said sum of $4101 61. It further appears that the said Aurelius N. Jones and William F. Connor, are indebted to the said Robert Jemison Jr. and Chas. Stewart in the sum of $720 37, for an allowance made by this Court to compensate them for their services as executors aforesaid. Therefore, ordered and decreed that the said Robert Jemison, Jr. and Charles Stewart, recover of the said Jones and Connor, executors of Sarah N. Booker, deceased, the said sum of $720 37. It further appears that the said Jones and Connor, executors as aforesaid, are indebted to the said Jemison and Stewart, executors as aforesaid, in the sum of $1,614 77, for money by them advanced of their own funds, in the management of the estate of the said William N. Booker, deceased, as executors. Therefore, ordered that the said Jemison and Stewart, recover of the said Jones and Connor, executors of the last will and testament of Sarah N. Booker, the aforesaid sum of $1,614 77. Ordered that executions issue for the aforesaid several sums of money.

No further proceedings whatever appear in the record of the cause.

To reverse this judgment the defendants thereto now prosecute their writ of error, and assign that the County Court erred in making it.

J. B. CLARK, for the plaintiffs in error.
COCHRAN, contra.

GOLDTHWAITE, J.—There is some difficulty in coming to the belief that the transcript certified to this Court contains the entire proceedings had in the Court below, but as no effort has been made to correct it, or to supply any deficient matter, we must act on it as we find it.

It seems then, that at a settlement of the estate of William N. Booker, deceased, of whose will Jemison and Stewart are the

executors, Jones and Connor, the executors of the last will of Sarah N. Booker, were present. In the course of the settlement it appeared that Jones and Connor, as the executors of Mrs. Booker, were ascertained to be indebted to Jemison and Stewart in the manner and for the sums indicated by the judgment rendered. Conceding the indebtedness to exist from Jones and Connor, as the executors of Mrs. Booker, to the ward of Jemison and Stewart, or to themselves, as the executors of William N. Booker, this furnished no warrant for the judgment rendered against the plaintiffs in this Court. The Court had no jurisdiction to render judgment against any one, on the application for the settlement of the estate before it, except the executors themselves; and they having shown a payment of all the debts and legacies, were entitled to be discharged; but they were not authorized to use that form of proceeding to obtain judgment against the executors of the estate of Mrs. Booker.

The judgment is clearly irregular, and is therefore reversed.