## KIDD v. PORTER, Adm'r.

1. The orphans' court has no power to allow an administrator, to apply the share of a distributee, to debts he claims to be due him from such distributee, unless the distributee consents to it.

Writ of Error to the County Court of Sumter.

THE defendant in error, was appointed administrator of Frances D. Wiggins, deceased, by the orphans' court of Sumter. He returned no inventory of the estate, and in June, 1844, made application for a final settlement. The court ordered forty days' notice to be given to all persons interested in the estate, and set the 17th of August thereafter as the day on which the application would be heard, and a final settlement made. The defendant in error then filed his account with said estate in court, which is as follows: "I have nothing which is of the estate. Shortly after letters were issued, I sent a special agent to Mobile, to search for the property; but the two grandmothers, Mrs. Kidd and Mrs. Wiggins, as I learned, (it being represented that there were no debts,) agreed to divide the estate. A *pro forma* settlement was made with the guardian, and each received the property allotted, except a sum of money going to Mrs. Kidd, which I have received, and applied to her use, in private account between us. I have nothing, therefore, to charge myself with as administrator.

Compensation and expenses of a special agent to
    Mobile, on business of the estate .......... ..... $100 00
Fees paid clerk of Sumter court ..... ..........   8 56
Fees of settlement ...... ...... ..... .........  22 75
                                               $133 97

Which was sworn to.

The record further shows, that on the day appointed for

the final settlement, no one appeared to contest the settlement, the account was allowed, and the administrator and his sureties discharged. After this Mrs. Kidd, the grandmother of the decedent, petitioned the orphans' court to be made a party to said decree, on final settlement, setting forth that she was one of the distributees of Frances D. Wiggins, deceased. The petition was granted, after notice to Benjamin F. Porter; and by the decree of the orphans' court, the petitioner was made a party to the decree of final settlement, and being thus a party, sues out a writ of error; and here assigns for error, that the court erred as shown by the decree of settlement.

Hoyt, for plaintiff in error.
Brodie, contra.

DARGAN, J.—It is the duty of an administrator, to show by an inventory, the assets that have come to his hands. The defendant in error, by his account rendered for final settlement, shows, that he has received money, which was of the estate of his intestate, and which he states belonged to a particular distributee, Mrs. Kidd, and which he has applied to her use, in private account with himself. But how much he has received is not shown, nor does he exhibit the accounts to which he has applied it; and the decree of final settlement sanctions this, and permits him, without the consent of Mrs. Kidd, to retain the amount, whatever it may be, without exhibiting how much he has received, or the debts to which it has been applied.

The orphans' court has no jurisdiction, to allow an administrator to apply the distributive share of a distributee, to debts he claims to be due him, from such distributee, unless the distributee should consent that the administrator might do so. Watson v. Watson's executor, at this term. No such consent is pretended in this case. Mrs. Kidd, as one of the distributees, by petition is made a party to the decree, and as such can sue out a writ of error, and assigns errors thereon. The cause, therefore, is properly before this court, and as the

orphans' court had not the jurisdiction to permit the defendant in error, under the circumstances shown on the final settlement, to retain the money that came to his hands, in payment of debts owing from Mrs. Kidd to him, the decree of final settlement is reversed, and the cause remanded.