## BRAZIER & CO. vs. KING.

1. On final settlement of the accounts of an executor or administrator, the Orphans' Court does not possess the power to render a decree in his favor, or to go further than to discharge him. Where the court, therefore, certifies a balance in his favor, it is *coram non judice*, and cannot be received as evidence against the administrator *de bonis non*.

Error to the County Court of Lowndes. Tried before the Hon. E. H. Cook, Judge.

The plaintiff in error sued out a summons of garnishment against the defendant in error as the debtor of one Boling Smith. The defendant answered, denying any individual indebtedness, and submitted a statement of facts for the judgment of the court. From this statement it appears, that Smith was the executor of his deceased father, Jeremiah Smith, and a distributee of his estate, of which the defendant is now the administrator *de bonis non*, and which is still unsettled, and that in a settlement of the administration of said Smith in the Orphans' Court of Autauga, in 1844, the court certified a balance in his favor against the estate of $2351 99. No proceedings have been instituted to set aside this settlement, but the garnishee denies its correctness, and insists that upon a fair settlement said Smith would be found largely indebted to the estate. The garnishee states that he is in possession of a considerable amount of property belonging to the estate, and that he has been informed that John Steele claims the distributive interest of said Smith. Upon this answer an issue was formed and submitted to a jury, who were instructed by the court that if they believed the evidence, no such indebtedness from the garnishee to Boling Smith was shown as was the subject of garnishment at the suit of Smith's creditors. The plaintiffs excepted to this charge, and now assign it as error.

Boling, for plaintiffs in error:

This case is unlike the one of Mock v. King, garnishee, 15 Ala. Rep. 66. That was a proceeding to subject to the process of garnishment the undivided interest of one of several

distributees of an estate, in the hands of an administrator *de bonis non.*

In the case at bar, Boling Smith, the executor of Jeremiah Smith, deceased, on final settlement, had a large balance decreed in his favor, which proceeding has been sanctioned by this court. See King & Ansley, adm'rs, v. Smith & Steele, 15 Ala. Rep. 264.

O. P. King, who became administrator *de bonis non* of the estate of Jeremiah Smith, and who succeeded Boling Smith, the executor, received all the assets of the estate, and had in his hands the amount of the decree in favor of Boling Smith, over and above the assets of the estate; this amount belonged to B. Smith individually, and not as distributee, and he could sue and recover the amount of the decree. See Sellers, guardian, v. Smith, 11 Ala. Rep. 264; Wilson v. Sergeant, 12 Ala. Rep. 778.

B. Smith having the right to recover the amount decreed him by the Orphans' Court, by an action of debt or assumpsit, it is subject to garnishee process by his creditors. See Walke v. McGehee, 11 Ala. Rep. 273.

WATTS & JACKSON, for defendant:

1. Garnishment is a *legal* process—no equitable interest or chose in action can be condemned under it. Hopper v. Thomas, adm'r, 5 Ala. 442; Jones v. Norris, 2 ib. 526; Spaight v. Johnson, 14 ib.; Mock v. King, 15 ib. 66, and authorities there cited.

2. No administrator can by any contract charge the estate, *at law,* of which he is administrator. McEldery & Chapman v. McKenzie, 2 Port. 33.

3. The Orphans' Court had no power to make any such certificate of balance. The Orphans' Court has no power to render judgment in favor of any person except creditors and distributees, and no power to render judgment against any person except the administrator making the settlement. See Jones & Conner v. Jemison & Stewart, 4 Ala. 632. *A fortiori* it could not certify a balance in favor of the administrator making the settlement, so as to be binding on subsequent administrators.

4. No action of assumpsit or debt would lie against the ad-

ministrator *de bonis non* upon the certificate of balance made by the Orphans' Court of Autauga.

The facts in this case correspond to those in Mock v. King, 15 Ala. 66, and that case is directly in point and decisive of the present.

CHILTON, J.—Waiving the consideration of the question whether the plaintiff in error was in any event entitled to a judgment upon his garnishment without having first afforded John Steele, to whom the garnishee answers he was informed the interest of Boling Smith had been transfered, an opportunity of contesting, we will proceed to the investigation of the charge of the court which was excepted to, and which was, that if the jury believed the evidence, no such indebtedness from the garnishee to Boling Smith was shown as was the subject of garnishment at the suit of Smith's creditors.

In Mock v. King, 15 Ala. Rep. 66, we held that the undivided interest of one of several distributees of an estate, in the hands of an administrator *de bonis non*, &c. is not subject to the process of garnishment. That decision is conclusive upon the plaintiff in error, so far as respects the distributive share of Boling Smith in the estate of Jeremiah Smith, deceased, in the hands of the present garnishee. The only remaining question is, whether the facts set forth in the record authorised a judgment against the garnishee for the alleged balance due to Boling Smith, certified in the decree of final settlement made by the Orphans' Court with Smith as executor of the estate of said Jeremiah Smith. Upon the settlement alluded to, the entry of the Orphans' Court recites that the account of the executor, having been examined by the court, was allowed, and ordered to be filed and recorded. The entry proceeds—"And it appears to the court from the account stated and allowed, that the said estate is indebted and in arrears to the said Boling Smith in the sum of twenty-three hundred and fifty-one 99-100 dollars." The garnishee denies the existence of this balance in favor of Boling Smith, and insists that upon a fair settlement of his accounts as executor of the estate, he will be found largely indebted. What is the effect of the decree of the Orphans' Court? It is insisted by the counsel for the plaintiff, that it ascertains the amount due from the estate to B. Smith

Brazier & Co. v. King.

in his individual right, and which sum is chargeable upon the assets in the hands of King, the administrator *de bonis non*, and that inasmuch as the removed executor would be entitled to sue for and recover from the administrator *de bonis non* the sum thus found due him, the process of garnishment, which is the mere exercise of that right in a summary mode on the part of the creditor of Smith in his stead, will lie to recover the fund.

Without stopping to determine whether or not such action would lie, in case there really existed an indebtedness, as certified by the Orphans' Court, it is sufficient for the present purpose to remark that the Orphans' Court, although by the statute invested with jurisdiction to settle the accounts of the removed administrator or executor, and to render a decree in behalf of the administrator *de bonis non* under a recent statute, does not possess the power to give any judgment in favor of the removed executor against the administrator *de bonis non*. The sentence of that court, going beyond the discharge of the executor, was clearly *coram non judice*, and does not conclude the parties from showing that such balance does not exist.

In Jones & Conner v. Jemison & Stewart, 4 Ala. Rep. 632, it was held that the Orphans' Court, on the final settlement of an estate, had no jurisdiction to render judgment against any person but the representative of the estate to be settled. In the case before us, no judgment against the administrator *de bonis non* was entered. The balance was ascertained as incidental to the settlement of the account. The court could go no farther than to discharge the executor, and this was the effect of the settlement. (King & Ansley, adm'rs, v. Smith & Steele, 15 Ala. Rep. 264.) All beyond this was matter wholly without the jurisdiction of the court, and could not be received as evidence to charge the administrator. It follows from this, view, as the settlement constituted the only evidence of the indebtedness of the estate to Boling Smith aside from his interest as a distributee, the charge of the court, which in effect denies its sufficiency to authorise a judgment against the garnishee, was correct.

Let the judgment be affirmed.