## REAVES AND WIFE *vs.* GARRETT'S ADM'R.

[BILL IN EQUITY BY WIFE, AGAINST HUSBAND'S ADMINISTRATOR, FOR RECOVERY OF PROPERTY BELONGING TO SEPARATE ESTATE.]

1. *Election by legatee.*—Where slaves belonging to the wife's separate estate, together with other property, are bequeathed by her husband to her, during life or widowhood, with remainder to another, she cannot take both under and against the will, but will be compelled to elect.

2. *What constitutes election.*—In such case, an election to take under the will will not be implied from the facts, that the widow propounded her husband's will for probate, qualified as executrix, acted in that capacity for about fifteen months, returned the slaves in her inventory of the estate, charged herself in an annual settlement with their appraised value, kept possession of all the property until her resignation as executrix, and once declared that she intended to abide by the will, notwithstanding she was apprised of her adverse right.

3. *Resulting trust.*—An agreement on the part of the husband, to pay for certain slaves, purchased by him at the administrator's sale of the estate of his wife's deceased father, out of his wife's distributive share of the estate, which constituted a part of her separate estate under the statutes of this State, does not constitute him a trustee for his wife, when it appears that he took the title in his own name, and that the purchase-money was afterwards paid by the wife, as his executrix, out of her distributive share.

4. *Jurisdiction of chancery and probate courts over settlement of decedent's estate.*—When the disbursements of an executor exceed the amount of his receipts, the probate court has no jurisdiction, on final settlement of his accounts, to render a decree in his favor for the excess ; but the chancery court will grant him relief in such case, and this without requiring him first to surrender, under the decree of the probate court, property in his hands belonging to the estate.

APPEAL from the Chancery Court of Chambers. Heard before the Hon. JAMES B. CLARK.

THE material facts of this case, as disclosed by the bill, answer, and testimony, may be thus stated :

Jane F. Garrett, the daughter of John Garrett, was married to Nathan B. Garrett in September, 1841, in this State. At the fall term, 1851, of the circuit court of Chambers, Nathan Garrett obtained a judgment against John Garrett, in an action of trover for the conversion of slaves, for more than $1,000; and in compromise and satisfaction of this judgment, as well as in consideration of natural love and affection for his daughter, John Garrett conveyed by deed, on the 15th November, 1851, to the said Nathan B. Garrett, as trustee for his said wife, "for her sole and separate use and behoof during her natural life, and at her death for the sole and separate use and behoof of the heirs of her body," two slaves, Henry and Malinda, and delivered possession of said slaves to the said Nathan B. Garrett. John Garrett died, intestate, in November, 1852, possessed of a considerable estate. At the sale of the personal property belonging to his estate, Nathan B. Garrett became the purchaser of three negroes, and executed his note for the purchase-money, under an agreement with the administrators that he would receive this note in part payment of his wife's distributive share of the estate; but he afterwards died, about the 1st January, 1856, without having had a settlement with the administrators. By his last will and testament, which was propounded for probate by his widow, who also qualified as sole executrix, said Nathan devised and bequeathed all his property, including the negro Henry above mentioned, to his widow, during life or widowhood; and further provided, that in the event of her marrying again, the property should be equally divided between her and their five children. Mrs. Garrett continued to act as executrix of her deceased husband for about fifteen months; returned to the probate court an inventory of his estate, including the negro Henry and the slaves purchased at the sale of her deceased father's estate ; paid her testator's

note for these slaves, and took a receipt from the administrators, expressing therein that she made the payment as executrix, "by receipting for that amount of her distributive share of the estate of John Garrett, her father;" made an annual settlement of her executorship in March, 1857, charging herself in her account-current with all the slaves and other property, but not claiming as a voucher the note paid to her father's administrators; resigned her trust as executrix on the 16th April, 1857; and, in August next thereafter, made a final settlement of her trust, by which it was ascertained that her disbursements exceeded her receipts by about $188, and she was ordered to deliver over to her successor in the administration all the personal property, notes, accounts, &c., in her possession belonging to the estate.

On the 11th November, 1857, Mrs. Garrett filed her bill against the administrator *de bonis non* of her said husband; claiming as her separate estate the two negroes, Henry and Malinda, and also the other negroes purchased by her husband at the sale of John Garrett's estate; alleging her ignorance of the existence of the deed from John Garrett, until she discovered it among her husband's papers after his death; praying that the slaves might be declared to be her separate property, that the defendant might be compelled to account for their hire and profits during the life of her husband, and adding the general prayer for other and further relief. On the marriage of Mrs. Garrett with John Reaves, pending the suit, her said husband was made a co-plaintiff with her. The defendant filed an answer, insisting that the complainant never had any interest whatever in the slaves purchased by her deceased husband at the sale of John Garrett's estate, and that she was estopped by her acts from asserting any claim to the two slaves conveyed by the deed of John Garrett.

On final hearing, on pleadings and proof, the chancellor held that the complainant was not estopped from asserting her title to the slave Henry, and offered also to render a decree in her favor for the excess of her disbursements over her receipts as executrix, on her surrendering

to the defendant, under the decree of the probate court, all the other property which she had retained in her possession; and on her declining to comply with this intimation, dismissed the bill without prejudice. The chancellor's decree is assigned as error in this court.

RICHARDS & FALKNER, for appellant.

BROCK & BARNES, *contra*.

A. J. WALKER, C. J.—Mrs. Garrett, (now the wife of complainant Reaves,) under the deed of John Garrett, made in 1851, took a separate estate, for her life at least, in the two slaves, Henry and Malinda. Whether she took a larger estate, is a question which has not been considered by counsel, and it is not indispensable for us to decide it. By agreement, all claim, so far as Malinda is concerned, is abandoned. The will of Mrs. Garrett's deceased husband, made after 1851, bequeaths all the testator's property to her, during her life or widowhood; and Henry is specified as a part of the property bequeathed. In the contingency of Mrs. Garrett's marriage, a division *per capita* of the entire property, including Henry, between her and the testator's children, is directed. The will thus bequeaths an interest in Mrs. Garrett's slave Henry, to take effect on her marriage, to others. The case is therefore presented, in which an interest in Mrs. Garrett's property, belonging to her by a title independent of the will, is bequeathed to others, while she herself is a legatee and devisee under the will. She cannot take the interest in her property which has been bequeathed to others by the will, and also take under the will all that is bequeathed to her besides her own property. A case for an election is clearly presented.—1 Leading Cases in Eq. (notes to Noyes v. Mordaunt, and Streatfield v. Streatfield,) 223 to 321; 2 Story's Eq. Jur. §§ 1076, 1082–3–4, 1093; 2 Lomax on Ex'rs, 282, 288, (m. p.) 164, 165, 167; 2 Roper on Leg. 1566, *et seq.*; Wilson v. Townsend, 2 Vesey, 693.

[2.] There being a case for an election, it is contended for the defendant, that Mrs. Garrett has made her election to take under the will, and is now precluded from

setting up her independent right to the slave Henry. The facts from which it is sought to imply her election are, that she propounded the will for probate; qualified and acted as executrix; returned an inventory of the estate, including the slave Henry; charged herself in an annual settlement with the appraised value of the slave, and kept the property of the estate in possession, from the testator's death to her resignation as executrix, a period of about fifteen and a half months; and said in conversation at one time, that she intended to abide by the will, notwithstanding she was apprised of her independent right. Do these facts constitute an election by Mrs. Garrett?

What acts of acceptance or acquiescence constitute an implied election, must be decided rather by the circumstances of each case, than by any general principle. The questions to be considered are, whether the parties acting or acquiescing were cognizant of their rights; whether they can restore the individuals affected by their claim to the same situation as if the acts had never been performed; or whether, on the principle "*interest reipublicæ ut sit finis litium,*" these inquiries are precluded by lapse of time. Swanston's note to Dillon v. Parker, 1 Swanst. 381; 2 Story's Eq. Jur., § 1097; 2 Roper on Leg. 1653. An election can only be implied from plain and unequivocal acts, under a full knowledge of all the circumstances, and of the parties' rights.—Duncan v. Duncan, 2 Yates, 302; Cauffman v. Cauffman, 17 S. & R. 25. It is not sufficient that there should be an intention to elect; and loose conversations, expressive of such an intention, are not to be weighed in determining the question.—English v. English, 2 Green's Ch. 510. This principle deprives of all importance the declarations proved to have been made by Mrs. Garrett, except so far as they go to show her knowledge of her title. One is never bound to make an election, until fully informed of all the circumstances necessary to a judicious and discriminating choice; and if an election should be made in the absence of such knowledge, it will, as a general rule, not be obligatory. 1 Leading Cases in Eq. 320-1; Pinckney v. Pinckney,

2 Rich. Eq. 237; Clay v. Craig & Hart, 7 Dana, 6; 2 Stor. Eq. Jur., § 1098.

The will conveyed other property than that which belonged to Mrs. Garrett. There was, therefore, in the fact that Mrs. G. procured the admission of the will to probate, and qualified as executrix under it, nothing which is inconsistent with her claim to the slave Henry. The inclusion of the slave in the inventory, and the representation of him in her annual settlement as a part of the estate, and the possession of the entire property of the estate up to Mrs. G.'s resignation, do not plainly and unequivocally speak her election. These acts may have all been done by her in her capacity of executrix. There is nothing which clearly shows that she ever asserted any right to any of the property as legatee and devisee. Up to the time of her resignation, the period for the presentation of claims against the estate had not expired. It is not likely that she knew, or could have ascertained with accuracy, the value of the estate, until that period expired. Until she was so informed, she was not bound to make an election; and the courts would be extremely slow to imply an election. Upon the facts before us, we cannot affirm that the complainant has, with a full knowledge of all the circumstances necessary to enable her to make a discriminating and judicious choice, elected to take under the will. The adjudged cases would not justify the implication of an election from such facts as are before us.—Wake v. Wake, 3 Brown's C. C. 255; Hall v. Hall, 2 McCord's Ch. 280; Driscoll v. Koger, 2 Des. 295; Upshaw v. Upshaw, 2 Hen. & Munf. 381; Pinckney v. Pinckney, 2 Rich. Eq. 218; English v. English, 2 Green's Ch. 507; Dillon v. Parker, 1 Swanst. 359, 380.

It may be, that Mrs. Garrett, during the fifteen and a half months of her possession, held the property of the estate in her capacity of devisee and legatee, and, during that time, took to herself individually the use and accruing profits, without in anywise accounting therefor. But, if such facts exist, the *onus* was upon the defendant of showing them. The election was a defense brought forward by him; and it will not be inferred in the absence of the

testimony necessary to authorize the inference. We have carefully considered the testimony, especially the agreed state of facts; and while we are led to doubt whether Mrs. Garrett did not receive and enjoy as legatee and devisee the property of the estate up to her resignation, without accounting for the same; yet, we are not satisfactorily convinced by the testimony that she did. If it had appeared that she so received and enjoyed the property, and the profits thereof, and never accounted therefor, we should decide that she was precluded from claiming the slave Henry adversely to the will, or otherwise than under the will, until she had restored, or offered to restore, all that she had received under it; and the authorities would fully sustain the decision. Under such decision, a decree against the complainants, as to the slave Harry, would be inevitable; for the bill contains no offer of restoration.—Cauffman v. Cauffman, 17 S. & R., 25; Wilson v. Hayne, Cheves, 41; Leonard v. Crommelin, 1 Edw. Ch. 207; Butrick v. Brodhurst, 3 Brown's Ch. 88; Upshaw v. Upshaw, 2 H. & M. 390; Stark v. Hunton, 1 Sax. Ch. 227.

[3.] The agreement of Mrs. Garrett's former husband in his life-time, to pay for the property purchased at the sale of the estate of Mrs. G.'s deceased father, out of her distributive share, is the only one of the facts proved upon which she predicates her claim to that property. The property was purchased by her husband, and the title seems to have been taken to himself. The simple agreement to pay out of Mrs. Garrett's property would not have been sufficient to have constituted the purchaser a trustee for her.—Danforth v. Herbert, 33 Ala. 497. Mrs. Garrett, therefore, had no claim to the other property besides Henry and Malinda, which is mentioned in her bill, except under the will.

[4.] The distributive share of Mrs. Garrett in her father's estate was her separate estate under our statutes. Her husband made a contract to pay out of it for the property purchased by him. His wife, being the executrix of his will, fulfilled his contract, and paid the debt out of her distributive share in her father's estate.

The probate court, upon her final settlement, could not render a judgment in her favor for this and the other sum due her for the excess of her disbursements above her receipts.—Brazier v. King, 16 Ala. 733; Jones v. Jemmison, 4 Ala. 632; Kidd v. Porter, 13 Ala. 91. For those sums, the chancery court had jurisdiction to render a decree in her favor. Her liability for the detention of the property was a separate and independent matter; and her doing justice in reference to that was not a necessary condition precedent to her obtaining justice in reference to the money due her.

The decree of the chancellor is reversed, and the cause remanded.