Cameron *v.* Cameron.

---

MELL McD. CAMERON, EXECUTRIX, *vs.* M. McD. CAMERON ET AL.

*Election of widow to take dower—Equitable estoppel.*

A testator by his will appointed his wife executrix, and provided that the residue of his estate, real, personal or mixed, should go to her and her heirs. He left no personalty, and the realty was incumbered by a mortgage. The widow qualified as executrix, collected the rents of the realty, using them for the support of herself and minor children, and the proceeds of policies of insurance on her husband's life, part

of which she applied to pay off an indebtedness against the estate, and over a year after the probate of the will, executed a mortgage on the realty, which was recorded, but never went into effect. She was never served with a citation to appear in court and make her election, and was not aware of the condition of the estate at the time, but believed the real estate to be of great value. *Held,* that she was not estopped from claiming dower therein.

*Decided March* 30, 1888.

THE plaintiff is the executrix of the estate of W. Hart Cameron, deceased. As such executrix she filed a petition in this court to sell the real estate of the decedent to pay debts. She also filed an answer alleging that she is the widow of the decedent and entitled to dower in the real estate described in the petition, and asks that the same be sold free of her dower, and that out of the proceeds she be allowed her interest.

Her right to dower is disputed, and depends upon the legal effect of the facts agreed upon, as follows : W. Hart Cameron died in June, 1886, testate, leaving the plaintiff, his widow, and two minor children. His will was probated June 14, 1886, and contained this provision: " All the rest of my property and estate, whether real, personal, or mixed, I devise and bequeath to my beloved wife, Mell McDaniel Cameron, and the heirs of her body, forever." He left no personal property ; the real estate was incumbered

Cameron *v.* Cameron.

by a mortgage, and he was indebted to various parties who held no security.

Upon this real estate are four houses, in one of which the widow and minor children reside. She is collecting the rents from three houses, and using the same for the maintenance and support of herself and children. Three thousand dollars were realized by her on policies of insurance, and out of her own means she paid $1,600 of the indebtedness against the estate. She had no knowledge of the condition of her husband's estate, and believed the real estate was of great value.

In January, 1888, she executed and delivered to a building association a mortgage upon the premises, which was duly recorded, but upon which she received no money, and the mortgage never went into force.

No citation was issued requiring her to appear, and no election was made by her as contemplated by statute. It is now claimed that she, in fact, did so elect, and that by her conduct she is estopped from asserting otherwise.

*Kittredge & Wilby, H. J. Buntin,* and *R. S. Simmons,* for creditors.

*J. J. Glidden,* for widow.

GOEBEL, J.

Section 5963 Rev. Stat., provides that a widow

should have one year from date of service of citation to make her election. In the case of *Bowen* v. *Bowen et al.*, 34 O. S. 164, the court held the year within which the election under said section must be made begins to run from the date of the service of a citation. In this case no citation having been served upon her, time did not begin therefore to run against her right to elect. But do the facts show an actual election as will estop her from claiming under the law ?

In this connection it was argued by counsel for the widow that the creditors were not prejudiced, damaged or deceived by anything she has done, nor have they been induced to change their status to the estate, and hence the doctrine of an equitable estoppel does not apply.

It must be conceded that for the application of the doctrine of equitable estoppel, there must generally be some intended deception in the conduct or declaration of the party to be estopped, or such gross negligence on his part as to amount to constructive fraud, by which another has been misled to his injury.

There are cases, however, where a party may be concluded from asserting his original rights to property, in consequence of his act or conduct, in which the presence of fraud, actual or constructive, is wanting.

As in a case where one of two innocent parties must suffer from the negligence of another, he

through whose agency the negligence was occasioned will be held to bear the loss; and where one has received the fruits of a transaction, he is not permitted to deny its validity, whilst retaining its benefits. While such cases are not governed by the doctrine of equitable estoppel, the same result is attained. That this doctrine may be applicable in cases of this kind is fully recognized in *Thompson* v. *Hoop*, 6 O. S. 480; *Stilley* v. *Folger*, 14 O. 610; *Stockton* v. *Wooley*, 20 O. S., 184; *Millikin* v. *Welliver*, 37 O. S. 460; *Nimmons* v. *Westfall*, 33 O. S., 213.

Are her acts conclusive? The rents belong to the heirs. *Overturf* v. *Dugan*, 29 O. S., 230. She collected and used them for the support of herself and minor children. There is no evidence that she collected them as the sole legatee under the will, nor do the circumstances permit us to draw such conclusion.

There was no personal property to pay debts. She had received $3,000 on policies of insurance on the life of her husband; out of this amount she paid debts against the estate amounting to $1,600. Whatever she did in this respect was done as the executrix of the estate. An estoppel depends on her conduct as widow, and not as executrix. The giving of the mortgage to the building association is a circumstance tending to prove that she was acting under the will, yet we do not think it conclusive. Her acts must be

done with a full knowledge of her rights and the condition of the estate.

In order that the acts of a widow shall be regarded as equivalent to an election to waive dower, it is essential that she act with a full knowledge of all the circumstances and of the party's rights; it must be a deliberate and intelligent choice. *Milliken* v. *Welliver*, 37 O. S. 460; *Anderson's Appeal*, 36 Penn. St. 476; *Bradford* v. *Kents*, 43 Penn. St. 474.

It is a general rule that one is not bound to elect until he is fully informed of the relative value of the things, between which he is to choose, and an election before the circumstances necessary to a judicious and discriminate choice are ascertained, is not obligatory. *Pinckney* v. *Pinckney*, 2 Rich. (S. C.) Eq. 219–238; *Upshaw* v. *Upshaw et al.*, 2 Hen. & M. (Va.) 381, 390–393; *Reaves* v. *Garrett's Admr.*, 34 Ala. 558.

It can hardly be claimed that, had she known at the time the condition of her husband's estate, and had been cited to appear before the court to make her election, she would not have declined to take under the will, for we may assume that she would have made an election most beneficial to herself.

In the case of *Hall* v. *Hall*, 2 McCord (S. C.) Ch. 269, the court went so far as to say where the widow had made her election, and had received benefits

under the will, she was allowed to retract and resort to her legal rights when the estate had turned out differently from what it was believed and stated to be at the time of the election, prematurely made. And this was held to be allowable in *Adsit* v. *Adsit*, 2 Johns. (N. Y.) Ch. 448.

We conclude, therefore, that the acts relied on as an election do not estop her.