Chief Justice Robertson,
delivered the opinion of the Court
Judge Nicholas did not sit in this case.
This case was once before in this court, and was remanded to the circuit court for further proceedings conformably to the mandate. See I J. J. Marshall, 346.
After the case had been remanded, the circuit court ascertained that estate of the value of $688 78 *110 cents bad come to the appellees as the heirs of Elizabeth Uosney; and having further ascertained that the use of the slave Tom, from the date of the judgment in detinue, (13th March, 1818,) was worth $60 per annum, decreed that the aggregate value of such use should be set oil'against, and should extinguish the appellant’s claim to damages for the breach of Mrs. Gosney’s warranty of title, and dissolved the injunction to the judgment at law. The appellant now complains lhai'this latter decree is erroneous, to liis prejudice : and, in our opinion, it is so.
Error to decree compensation for the detention of a slave after judgment in detinue.
Liability of heirs limited by the value of estate descended, and not chargeable with interest on that Talue.
Criterion of damages for breach of warranty of title to slave, the sum (¡aid and legal interest from the time def’t charged with damages for detention.
According to any principle of law or equity, or any precedent ever recognized by this court, the appellees are not entitled to a decree for compensation for the detention of the slave since the date of the-judgment in detinue. Besides, if they elect to take the assessed value of the slave, (as there is scarcely any doubt they will, and as they are permitted by the decree to do,) surely they should not also be allowed for his hire since the judgment. The decree is, in this particular, erroneous ; and was not consistent with the mandate from this court.
The liability of the appellees on their mother’s warranty is limited by the value of the estate, which, as heirs, they derived from her. They are not chargeable with interest on that value.
The appellant’s claim to damages, when adjusted, as against his vendor, according to right and justice, would exceed the maximum for which the appellees can be held responsible. The price actually paid by him for Tom was $413 33 cents, compounded of £100 paid in money, and $80 allowed as compensation for finding and restoring him.
There was not, however, a total failure of title. His vendor owned a lile estate in the slave ; and that he, of course, enjoyed without disturbance or liability. But as the jury, in the action of detinue, valued Tom at $700 in 1818, we must infer that he was worth more then, than he was when the appellant bought him. We are, therefore, inclined to think that the consideration, to wit, $413 33 cents, with legal interest thereon from the 8th of May, 1815, (from which time Ellis was charged with damages for detention^ *111 would constitute the proper measure of damages against the vendor on her warranty of title. As this amount would exceed $688 78 cents, (the value of the estate for which the appellees may be held liable,) the damages which he has a right to set off against their judgment must be $688 78 cents.
If plaintiff in. assessed value of slave and damages to be considerod owt.er of l t,0 treated as a judgment for mouey.
Decree of set off.
Wickliffe and Wooley for appellant: Payne and omits for appellees.
As the appellees elected, by their fieri facias, to take the assessed value of the slave and the damages allowed for hjs detention, and as there is no proof or even any intimation that the appellant ever offered or was willing to surrender him upon any terms whatever, we are of opinion that, in equity, he should be now deemed the owner, and that the judgment should be considered and treated as a simpie judgment for the value and the damages ; and that now, and hereafter, in consequence of the decree to be entered herein, the appellant shall not be exonerated by surrendering the slave, nor the appellees permitted to reclaim him should they wish to do so.
Wherefore, it is decreed and ordered that the deeree of the circuit court be reversed, and the cause remanded, with instructions to enter a decree setting off $688 78 cents, and the costs of this suit against the judgment, perpetuating the injunction to that extent, (granted since the case was remanded,) and dissolving it as to the residue of the judgment with damages, allowing the appellees the right to have execution for the sum which shall remain due upon their judgment for damages and costs.
Costs are decreed to the appellant here and in the circuit court.