MARIA D. SANFORD, Respondent, *v.* WILLIAM A. SANFORD, Appellant.

Where a husband loans money and takes a note therefor payable to the order of himself and wife, and thereafter makes a will containing a devise or bequest to the wife, by its terms, to be accepted and received in lieu of dower and of all claims upon the estate, if the note remains unpaid at the time of his death and she survives, she acquires title to the note as a gift, not as a part of his estate at the time of his death, and she is not put to her election between the note and the provision for her in the will, but is entitled to both.

The fact that she gave the note to the appraisers as a part of her husband's estate, while it is evidence tending to show that she had released to him her right of survivorship, is not conclusive, and does not estop her from claiming the note, in the absence of evidence that the position of any party has been changed in consequence, or that any transaction was had in reliance thereon.

(Argued June 1, 1874; decided June 9, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the decision of the court upon trial without a jury. (Reported below, 2 N. Y. S. C. [T. & C.], 641.)

This action was upon a promissory note made by defendant, bearing date June 20, 1864, for $5,000 payable to the order of Joseph H. Sanford and plaintiff. The note was given for money loaned by said Sanford (then the husband of plaintiff) to defendant; on the 5th June, 1866, a committee of the estate of said Sanford was appointed in proceedings *de lunatico;* the note was then in the possession of plaintiff, who delivered it to the committee as part of the

property. Sanford died August 1, 1866, leaving a last will and testament, by which he devised and bequeathed to her certain specified real and personal property; also a legacy of $10,000. The will stated that these were "to be accepted and received by her in lieu of dower and every and all claims on" the estate of the testator. By the will, plaintiff was appointed executrix and defendant executor, and upon probate of the will they duly qualified. The committee delivered the note to plaintiff. Upon the appraisal of the property of the deceased plaintiff produced the note as a part thereof and the same was appraised.

The court found that there was no agreement between plaintiff and her husband that she should release or relinquish her interest in the note, but that, up to the time of the appraisal, she was ignorant of her right thereto. A portion of the note was paid to the committee while it was in his hands. The court gave judgment for the balance.

*Sawyer & Russell* for the appellant. The note in suit belongs to the estate of plaintiff's husband. (*Sanford* v. *Sanford*, 45 N. Y., 726; *R. C. Asylum* v. *Strain*, 2 Brad., 34; *Scott* v. *Simes*, 10 Bosw., 314; Dayton on Sur. [3d ed.], 276.) Plaintiff having voluntarily yielded up the note assented to the testator's intent when the will was drawn. (*Matthews* v. *Coe*, 49 N. Y., 57; *Sheldon* v. *Sheldon*, 51 id., 354.) There was no gift of the note by the deceased to plaintiff. (*Fulton* v. *Fulton*, 48 Barb., 581; *Bedell* v. *Casee*, 33 N. Y., 584.) To make a valid gift the donor must part with the dominion over it. (*Gilchrist* v. *Stevenson*, 9 Barb., 13; *Huntington* v. *Gilmore*, 14 id., 246; *Harris* v. *Clark*, 3 N. Y., 113; *Crary* v. *Paige*, 9 Bosw., 298.) The possession of the testator and of the estate once proven is supposed to continue. (*Wallrod* v. *Ball*, 9 Barb., 271; *Wilkins* v. *Earle*, 44 N. Y., 172.) No presumption of a gift is raised by the apparent custody of a note by one having access to the owner's papers. (*Gray* v. *Gray*, 47 N. Y., 552; *Heckney* v. *Brooman*, 62 Barb., 650.) It was error to admit plaintiff's

testimony, that when she gave the receipt and produced the note for appraisal she did not know and had not been advised what her individual rights as to the note were. (*Carpentier* v. *Minturn*, 6 Lans., 70; *Wood* v. *Whiting*, 21 Barb., 190; *Bush* v. *Tilley*, 49 id., 599; *Pattison* v. *Hull*, 9 Cow., 747; *Erwin* v. *Saunders*, 1 id., 249; *Cowdey* v. *Coit*, 44 N. Y., 382.)

*Edward C. James* for the respondent. Upon the death of plaintiff's husband the note in suit became her absolute property. (*Sanford* v. *Sanford*, 45 N. Y., 723; *Berst* v. *Spelman*, 4 id., 288; *Draper* v. *Jackson*, 16 Mass., 480; *Scott* v. *Simes*, 10 Bosw., 314; *Torry* v. *Torry*, 14 N. Y., 430; *Bank* v. *Gregory*, 49 Barb., 162; *Coates* v. *Stevens*, 1 Y. & C. [Exch. Eq.], 66; *Dummer* v. *Pitcher*, 5 Sim., 35; 2 Myl. & K., 262.) To present a case of election there must be an unmistakable mention in the will of the identical property. (*Dummer* v. *Pitcher*, 5 Sim., 35; 2 Myl. & K., 262; *Coates* v. *Stevens*, 1 Y. & C. [Exch. Eq.], 66; *Havens* v. *Sacket*, 15 N. Y., 365; *Pickney* v. *Pickney*, 1 Brad., 269; 1 H. & W. Ld. Cas. in Eq. [3d ed.], 400, 401, 403, 404.) Evidence *de hors* the will is not admissible to explain the testator's meaning for the purpose of raising a case of election. (*City of Phila.* v. *Davis*, 1 Whart., 490; *Timberlake* v. *Parish*, 5 Dana, 345.) None having been misled or injured by plaintiff's acts there is no estoppel. (*Jewett* v. *Miller*, 10 N. Y., 402.) Plaintiff having acted in ignorance of her rights has not waived or surrendered them or made an election. (*Wake* v. *Wake*, 1 Ves. Jr., 335; *Adsit* v. *Adsit*, 2 J. Ch., 448, 451; 1 H. & W. Ld. Cas. in Eq. [3d ed.], 397, 419; *Pusey* v. *Desbouverie*, 3 P. Wms., 315; *Kidney* v. *Coussmaker*, 12 Ves., 136.) The note belonged to plaintiff by gift from her husband. (*Champney* v. *Blanchard*, 39 N. Y., 111, 116; *Williams* v. *Fitch*, 18 id., 548; *Sanford* v. *Sanford*, 45 id., 726; *Scott* v. *Simes*, 10 Bosw., 314; *Nash* v. *Nash*, 2 Mad. Ch., 133 [Am. ed.], 411.) Defendant's motion to strike out plaintiff's testimony as to the interview between her husband

Gordon and herself was properly denied. (*Quinn* v. *Lloyd*, 41 N. Y., 349, 354, 355; *Levin* v. *Russell*, 42 id., 251, 255, 256.)

GROVER, J. When this case was first before this court (45 N. Y., 723) it was held that when a party loaned money and took a note therefor payable to the order of himself and wife, it constituted a gift of the note to the wife if it remained unpaid in the hands of the husband at the time of his death and the wife survived him. (See opinion of PECKHAM, J., and authorities cited.)

It was further held that the plaintiff was not put to her election between taking the note as survivor and the provision made for her in the first clause of the will of her husband. By that clause the testator gave to the plaintiff certain real estate, together with certain specified articles of personal property and a legacy of $10,000 in cash, all of which was to be accepted and received by her in lieu of dower, and every and all claims upon his estate. Although this point was not discussed in the opinion, it was in the case and must have been considered, as the new trial was ordered for the exclusion of evidence which would have been wholly immaterial had the plaintiff been required to elect between taking the note and what was given her by the will; that she was not put to her election is manifest for the reason that the plaintiff's right to the note, in case she survived her husband, was vested in her wholly, independent of the will. The husband had already given her this right and it was her's, and constituted no part of his estate at the time of his death. She did not acquire the note as a part of his estate at the time of his death, but under a title which he had before given. There is no ground upon which the plaintiff can be estopped from claiming title to the note. True, when a committee of the husband's estate was appointed she delivered this note as part of the property of her husband, and after his death received it back as his property and gave it to the appraisers of his estate as a part thereof and it was inventoried as such

with her knowledge.   This was evidence tending to show that by some arrangement between the plaintiff and her husband she had released to him her right of survivorship, and the court held that the evidence should have been received for this purpose.   But it was proved upon the last trial that these acts of the plaintiff were done in ignorance of her right to the note; and evidence was given tending to show, and the judge in substance found, that the plaintiff had not made any agreement with her husband by which she transferred to him her contingent right to the note.   There was no evidence showing that any one had, in any respect, changed his situation in consequence of these acts, or that any transaction had been had in reliance thereon.   Hence, there is no foundation for an estoppel.   I have examined the exceptions taken to the rulings as to the competency of evidence and think that no error was committed.

The judgment appealed from must be affirmed.

All concur.

Judgment affirmed.