## FARNSWORTH vs. COLE, Administrator.

DOWER. *(1) Widow's right to dower profits, notwithstanding allowance made to her out of personal property pending settlement of estate. (2) When administrator may be directed to pay her such profits.*

1. The fact that the widow receives an allowance out of the personal estate of her husband pending administration (under subd. 2, sec. 1, ch. 99, R. S.), does not impair rights accruing to her by virtue of her right of dower, which include the right to one-third of the rents and profits accruing, between the death of the husband and assignment of dower, from the real estate to which such dower right attaches.

2. Where it appears that the estate is solvent, and in process of settlement, that the extent of the widow's right of dower is not disputed, and that the administrator has in his hands rents accruing from the real estate, he may properly be directed to pay to the widow her one-third thereof, before her dower is assigned.

APPEAL from the Circuit Court for *Fond du Lac* County.

Reuben Farnsworth died intestate, leaving a widow and four children. At the time of his death he was the owner of certain real property, in which the dower of his widow has not been assigned. The estate is in process of settlement, and is solvent. The administrator, the defendant herein, received certain rents of such real property accruing since the death of the intestate, and rendered his account thereof to the county court. The plaintiff, who is the widow of the intestate, claimed one-third of such rents by virtue of her dower right in the lands. The court had previously made an allowance for her maintenance out of the personal estate, pursuant to the statute (R. S., ch. 99, sec. 1, subd. 2), and the same had been regularly paid to her. Because of such allowance, the county court held that the plaintiff was not entitled to any portion of such rents, and denied her claim therefor. On appeal, the circuit court held her claim valid, and adjudged to her one-third of such rents. From that judgment the administrator appealed to this court.

The cause was submitted on the brief of *J. B. Hays* for the appellant, and that of *L. T. Fribert* for the respondent.

For the appellant it was contended, that before assignment of dower the widow has no estate, but a mere right in action, or inchoate right (*Gooch v. Atkins,* 14 Mass., 378; *Lawrence v. Miller,* 2 N. Y., 245; *Moore v. Mayor etc.,* 8 id., 112; *Howe v. McGivern,* 25 Wis., 525), and that before such assignment, therefore, she is not entitled to the income from her dower interest, but can claim only the allowance made for her maintenance pending the settlement of the estate, pursuant to the statute. R. S., ch. 97, sec. 30, and ch. 99, sec. 1, subd. 2 (Tay. Stats., 1208, § 31, and 1215, § 1, subd. 2).

For the respondent it was argued, that sec. 30, ch. 97, R. S., *permits* the court to make an allowance for the maintenance of the widow and minor children of a deceased testator, pending the settlement of his estate, *in addition to* the provision made by the will; that subd. 2, sec. 1, ch. 99, R. S., *requires* a like allowance to be made for maintenance of the widow and children of the intestate pending the settlement of the estate, which is also *in addition to* the claims of the widow growing out of her right of dower; that, while in Massachusetts and New York it has been held that the widow has only a right of action until the assignment of dower, and cannot transfer such right of action, nor enter upon the lands of the husband against the objection of the heirs, a contrary doctrine is held in other states, as in Connecticut and Pennsylvania (*Stedman v. Fortune,* 5 Conn., 462; *Price v. Johnston,* 4 Yeates, 526), where the widow becomes a tenant in common with the heirs until her dower is set off in severalty; that in this state, by sec. 7, ch. 100, R. S., the administrator has a right to the real as well as personal estate, and to receive the rents, issues and profits of the real estate, until the estate is settled, or until such real estate is delivered over by order of the county court to the heirs or devisees — a right of which the administrator has availed himself in this case; and that,

as there was no objection here by the heirs, but only by the administrator upon the settlement of his account, the widow was entitled to receive from the latter one-third of the net income of the real estate in his hands, under secs. 12, 24, 25, ch. 89, R. S.*

LYON, J. The circumstance that *Mrs. Farnsworth* receives an allowance out of the personal estate of her deceased husband pending administration, does not destroy or impair rights accruing to her by virtue of her right of dower in the real estate of which he died seized. A dower interest is a continuation of the estate of the husband, and is held of him by appointment of law. *Conant v. Little*, 1 Pick., 189; *Baker v. Baker*, 4 Me., 67. Hence, although certain proceedings may be necessary to ascertain and fix the extent or amount of the interest, when that is done, the interest must necessarily vest, by relation or otherwise, from the death of the husband. This

---

* Secs. 12, 24, 25, ch. 89, R. S., are as follows: "Sec. 12. When a widow is entitled to dower in lands of which her husband died seized, she may continue to occupy the same with the children or other heirs of the deceased, or may receive one-third part of the rents, issues and profits thereof, so long as the heirs or others interested do not object, without having the dower assigned." "Sec. 24. Whenever, in any action brought for the purpose, a widow shall recover her dower in lands in which her husband shall have died seized, she shall be entitled also to recover damages for the withholding of such dower." " Sec. 25. Such damages shall be one-third part of the annual value of the mesne profits of the lands in which she shall so recover her dower, to be estimated, in an action against the heirs of her husband, from the time of his death, and in actions against other persons, from the time of her demanding her dower of such persons."

Subd. 2, sec. 1, ch. 99, R. S., contains the following provision in reference to intestate personal estate: " The widow and children constituting the family of the deceased, shall have such reasonable allowance out of the personal estate as the county court shall judge necessary for their maintenance during the progress of the settlement of the estate, according to their circumstances; which in case of an insolvent estate shall not be longer than one year after granting administration, nor for any time after the dower and personal estate shall be assigned to the widow."

principle is fully recognized by the statute which, in an action against an heir for dower, gives the widow one-third of the mesne profits from the death of her husband. R. S., ch. 89, secs. 24 and 25. The right to recover such mesne profits is given without qualification or exception in the statute, and we do not perceive how it can be defeated short of a release or actual payment.

The law greatly favors dower, and no widow should be deprived of it in lands owned by her husband during coverture, without clear authority of law. The same rule applies to mesne profits which grow out of and are the incident of dower. So far as we are advised, there is no statute which enacts, either expressly or by necessary implication, that a widow shall not be entitled to a share of the mesne profits of lands in which she has a dower interest, accruing during the time she was receiving an allowance out of the personal estate of her deceased husband. No authority which so holds is cited in the argument of counsel for the appellant.

Although a right of dower, before assignment, may be but an inchoate or imperfect right, and, strictly speaking, not an estate in the land (*Howe v. McGivern*, 25 Wis., 525), yet, the right being admitted (as it is in this case), no good reason is perceived why the respondent should not have the mesne profits which the law gives her as incident to the right. Probably she could only recover these profits of the heirs in an action for her dower; but when they are in the hands of the administrator, no good reason occurs to us why he should not be directed to pay them over to her.

*By the Court.* — The judgment of the circuit court is affirmed.