Russell *v.* Minton.

Eliza A. Russell

*v.*

Guy Minton, executor and trustee &c.

A testamentary gift by a husband to his wife was accompanied by a provision that it should be in lieu of her dower and of any other right to which by law she might be entitled in his estate, real or personal.—*Held*, that the gift was intended to be in satisfaction of such rights only, in or to the testator's property, as the law gives her as his widow; and consequently that it will not prevent recovery upon a mortgage (given by him to her before marriage) held by her upon his property.

Note.—Accepting a devise of lands, or other provision in lieu of dower, does not deprive a widow of her interest in lands of which her husband died intestate, *Van Arsdale* v. *Van Arsdale, 2 Dutch. 404; Carder* v. *County, 16 Ohio St. 353; Seabrook* v. *Seabrook, 10 Rich. Eq. 495;* see *Jones* v. *Lloyd, 33 Ohio St. 572; Spangler* v. *Dukes, 39 Ohio St. 642; Vaughan* v. *Vaughan, 30 Ala. 329; Hardy* v. *Scales, 54 Wis. 452; Davidson* v. *Boomer, 18 Grant Ch. 475; Havens* v. *Havens, 1 Sandf. Ch. 324.*

Nor in lands acquired after the making of the will, *Stark* v. *Hunton, Sax. 216; Hall* v. *Hall, 2 McCord Ch. 269; Philadelphia* v. *Davis, 1 Whart. 490; Cunningham* v. *Shannon, 4 Rich. Eq. 135;* see *Raines* v. *Corbin, 24 Ga. 185; McElfresh* v. *Schley, 2 Gill 182; Durham* v. *Simmons, 23 Md. 233; Sutton* v. *Askew, 66 N. C. 172.*

Nor in lands aliened during coverture without the widow having joined in the conveyance, *Corriell* v. *Ham, 2 Iowa 552; Westbrook* v. *Vanderburgh, 36 Mich. 30; Lewis* v. *Smith, 9 N. Y. 502; Borland* v. *Nichols, 12 Pa. St. 38; Braxton* v. *Freeman, 6 Rich. 35; Higginbotham* v. *Cornwell, 8 Gratt. 83* (approved in *Nelson* v. *Kownslar, 79 Va. 477); Rank* v. *Hanna, 6 Ind. 20; Shuman* v. *Shuman, 9 W. Va. 50.* But see *Haynie* v. *Dickens, 68 Ill. 267; Allen*

Russell *v.* Minton.

Bill to foreclose. On final hearing upon bill and answer. Submitted upon briefs of counsel.

*Messrs. Babbitt & Lawrence*, for complainant.

*Mr. H. C. Pitney, Jr.*, for defendant.

THE CHANCELLOR.

The bill is filed to foreclose a mortgage upon land in Morris county, given by James E. Van Wagner and Frederick J. Van Wagner to Sarah W. Russell, in November, 1879, to secure the payment of their bond to her, of the same date, for $3,000 and interest. In December, 1880, Frederick J. Van Wagner conveyed his half of the property to James E. Van Wagner. After the giving of the mortgage the mortgagee married James E. Van Wagner. He died in June, 1884. By his will he made certain provisions for the benefit of his wife and Horace Van Wagner and Harriet Van Wagner. In addition to such provision for his wife, he made the following:

v. *Pray, 12 Me. 133 ; Steele v. Fisher, 1 Edw. Ch. 435 ; Moore v. Steidel, 1 Disney 281; Kendall v. Kendall, 42 Iowa 464* (by statute); *Hornsey v. Casey, 21 Mo. 545 ; Potter v. Potter, 1 R. I. 43 ; Fitzhugh v. Foote, 3 Call 13 ; Gray v. McCune, 23 Pa. St. 447 ; May v. Fletcher, 40 Ind. 575* (by statute) ; *Bates v. McDowell, 58 Miss. 815* (by statute).

Nor in his undisposed-of personal estate, *Colleton v. Garth, 6 Sim. 19 ; Pickering v. Stamford, 3 Ves. 492 ; Lett v. Randall, 3 Sm. & G. 83 ; Oldham v. Carleton, 2 Cox Ch. 399 ; Jennings v. Smith, 29 Ill. 116 ; Findley v. Findley, 11 Gratt. 434 ; Collins v. Carman, 5 Md. 523 ; Kempton's Case, 23 Pick. 163 ; Sullings v. Richmond, 5 Allen 187 ; Johnson v. Goss, 132 Mass. 274 ; Dildine v. Dildine, 5 Stew. Eq. 78 ; Leinaweaver v. Stoever, 1 Watts & Serg. 160 ; Reed's Estate, 82 Pa. St. 428 ; Demoss v. Demoss, 7 Coldw. 256 ; Barber v. Hite, 39 Ohio St. 185 ; Bane v. Wick, 14 Ohio St. 505 ; Carmen's Estate, 11 W. N. C. (Pa.) 95 ;* see *Waddle v. Terry, 4 Coldw. 51 ; Skellinger v. Skellinger, 5 Stew. Eq. 659 ; Gotzian's Estate, 34 Minn. 159 ; Dupree v. Cary, 6 Leigh 36.*

Nor in lapsed or void legacies or devises, *Simpson v. Hornsby, 3 Ves. 335 ; Pickering v. Stamford, 3 Ves. 332, 492 ;* [see *Byrne v. Frere, 2 Moll. 177*] ; *Farthshore v. Chalie, 10 Ves. 17 ; Hand v. Marcy, 1 Stew. Eq. 59 ; Jones v. Jones, 8 Gill 197 ; Johnson v. Johnson, 32 Minn. 513 ; Melchor v. Burger, 1 Dev. & Bat. Eq. 634 ; Power v. Cassidy, 79 N. Y. 602 ; Vernon v. Vernon, 53 N. Y. 351 ;* but see *Chamberlain v. Chamberlain, 43 N. Y. 424 ; Bullard v. Benson, 31 Hun 104, 96 N. Y. 499 ; S. C., 1 Dem. 486 ; Gibbon v. Gibbon, 40 Ga. 562.*

Russell *v.* Minton.

" I do further give and bequeath unto my said wife, Sarah W. Van Wagner, during the term of her natural life, all the interest, rents, issues and profits arising from the balance of my estate, first, however, charging them with the payment of taxes, assessments, insurance premiums, expenditures for repairs and all other legal charges, and with all expenditures made with a prudent regard for the welfare and best interests of my estate."

He then adds :

" The foregoing provisions for my wife are in lieu of her dower in my real estate or of any other right which by law she may be entitled to in my estate, real or personal."

By the will the testator appointed his wife and Guy Minton executors thereof and trustees thereunder. Both proved the will. On November 11th, 1885, Mrs. Van Wagner assigned the mortgage to the complainant. The defendant, Minton, alleges in his answer that the assignment was without consideration, and that Mrs. Van Wagner accepted the benefit of the before-mentioned testamentary provisions; that in view of the latter fact the

---

Nor in stocks &c. standing in the joint names of herself and testator, *Dummer* v. *Pilcher, 5 Sim. 35, 2 Myl. & K. 262; Sanford* v. *Sanford, 45 N. Y. 723, 2 T. & C. 641, 58 N. Y. 69; O'Driscoll* v. *Koger, 2 Desaus. 295;* see *Coates* v. *Stevens, 1 Y. & C. Exch. 66.* As to lands standing in their joint names, see *Exchange Bank* v. *Stone, 80 Ky. 109; Crenshaw* v. *Creek, 52 Mo. 98; Ketchum* v. *Walsworth, 5 Wis. 95.*

Nor in her own separate property, *Crostwaight* v. *Hutchinson, 2 Bibb 407;* [see *Tomlin* v. *Jayne, 14 B. Mon. 160*]; *Mumford's Estate, Myrick (Cal.) 133; Wood* v. *Wood, 1 Metc. (Ky.) 512; Liles* v. *Fleming, 1 Dev. Eq. 184; Gordon* v. *Stevens, 2 Hill Ch. 46; Hall* v. *Hall, 8 Rich. 407; McCormick* v. *McNeel, 53 Tex. 15; Hassenritter* v. *Hassenritter, 77 Mo. 162; Watterson's Appeal, 95 Pa. St. 312;* see *Weeks* v. *Patten, 18 Me. 42; Kinnaird* v. *Williams, 8 Leigh 400; Gore* v. *Stevens, 1 Dana 201; Clay* v. *Hart, 7 Dana 1; Van Dyke's Appeal, 60 Pa. St. 481; Reaves* v. *Garnett, 34 Ala. 558; Pemberton* v. *Pemberton, 29 Mo. 408; Field* v. *Eaton, 1 Dev. Eq. 283; Hibbs* v. *Insurance Co., 40 Ohio St. 543; Cox* v. *Rogers, 77 Pa. St. 160; Upshaw* v. *Upshaw, 2 Hen. & M. 381; Ditch* v. *Sennott, 117 Ill.     ; Gaines* v. *Briggs, 9 Ark. 46; Sigmon* v. *Hawn, 87 N. C. 450.*

Nor in the statutory provisions for widows' temporary support, *Wilber's Case, 52 Wis 295; McManus's Estate, 14 Phila. 660; Miller* v. *Stepper, 32 Mich. 194; Stinewan's Appeal, 34 Pa. St. 394;* see *Griffith* v. *Canning, 54 Mo. 282; Speidel's Appeal, 107 Pa. St. 18; Farnsworth* v. *Cole, 42 Wis. 403.*—REP.

mortgage should be held to have been satisfied. The cause is submitted upon bill and answer and briefs of counsel. The whole of the will is not before me, but it appears by a statement in the brief of complainant's counsel that the testator made provision or gave direction in it for the payment of his debts. It does not appear what the provision was which the testator made in the will for his wife in addition to that which is above quoted. Minton's counsel insists that the declaration of the testator that the above-quoted provision made for his wife was intended to be in lieu of her dower in his real estate or (and) of any other right which by law she might be entitled to in his estate, real or personal, is equivalent to a declaration that those provisions were made in satisfaction of all claims which she had against him, and the arguments in the briefs of counsel are directed to this point.

It is a rule in equity that where a debtor bequeaths to his creditor a legacy equal to, or exceeding the amount of his debt, it will be presumed, in the absence of any intimation of a contrary intention, that the legacy was meant by the testator as a satisfaction of the debt; but the court will lay hold of any circumstance, although slight and minute, whereupon to ground an exception to the rule. *2 Wms. Exrs. 1297; Van Riper* v. *Van Riper, 1 Gr. Ch. 1; Rogers* v. *Hand, 12 Stew. Eq. 270.* Where the will directs that the testator's debts and legacies be paid, the rule does not apply. *2 Redf. Wills 519.* Nor is it applicable where the debt and legacy are of different natures, either with reference to the subject-matter, or extent of interest, as where the legacy to the creditor is of interest or income for life. *Alleyn* v. *Alleyn, 2 Ves. Sr. 37; Forsight* v. *Grant, 1 Ves. 298.* In the latter case a wife was entitled, under a bond given by her husband upon the marriage, to a sum payable three months after his death for her, for life, and then for the children; and if there should be no children, then the money was to go to her absolutely. By his will her husband gave all his property, real and personal, which he then had, or of which he might die possessed, upon trust, to pay her the rents and interest for life, and then the whole was to go to the children; and he added an express

revocation of all former settlements and wills made by him. There was no issue. It was held that the widow was entitled both to the debt upon the bond, and the provision under the will. In the case in hand the testator provides that the gift to his wife of interest &c., shall be in lieu of her dower in his real estate, and of any other right to which by law she may be entitled in his estate, real or personal. This language does not embrace debts due from him to her, but only such rights in or to his property as the law gives to her as his widow. It is urged that the testator must have intended to include all rights founded in law. But in *Forsight* v. *Grant*, where the testator, by the will, not only gave all his real and personal estate which he had at the time of making the will, or of which he might die possessed, but revoked all former settlements and wills made by him, and he had made no settlements, except by the bond, it was held to be clear that the bond debt was not satisfied by the testamentary provision.

The complainant is entitled to a decree of foreclosure and sale of the mortgaged premises.