In the Matter of the Final Judicial Settlement of Account of Proceedings of HANORA L. KENNEDY, as Administratrix, etc., of JAMES KENNEDY, Deceased.

HANORA L. KENNEDY, as Administratrix, Appellant; LILLIAN C. KENNEDY, Respondent.

Third Department, January 8, 1919.

**Husband and wife — mortgage held as tenants by entirety — proceeds of mortgage goes to survivor — conveyance of lands by husband in consideration of purchase-money mortgage payable to husband and wife jointly — decedent's estate.**

Where a husband and wife, being tenants by the entirety, conveyed and took back a purchase-money mortgage, it stood in the place of the real estate and on the death of either mortgagee passed to the survivor as the real estate which it replaced would have done.

Hence, the wife, being appointed administratrix of her husband's estate, is entitled to the sole ownership of the mortgage by virtue of her survivorship.

The same rule holds where lands owned solely by the husband were sold by him and he took back a purchase-money mortgage which by his direction was made payable jointly to himself and wife. And this is true, although she did not furnish any part of the consideration for the mortgage.

A mortgage standing in the joint names of husband and wife constitutes *prima facie* evidence of a gift to the wife in case of her survivorship, in the absence of evidence establishing a contrary intention.

APPEAL by Hanora L. Kennedy, as administratrix, from part of a decree of the Surrogate's Court of the county of Albany, entered in the office of said Surrogate's Court on or about the 27th day of July, 1917, judicially settling her accounts herein.

*James F. Brearton,* for the appellant.

*Hun & Parker* [*Michael D. Reilly* of counsel], for the respondent.

COCHRANE, J.:

The administratrix was the wife of the intestate. Her account has been surcharged with one-half of the amount of two real estate mortgages held by herself and her husband jointly. She claims the sole ownership of the mortgages by

virtue of her survivorship. One was a purchase-money mortgage arising from the sale of real estate owned by the husband and wife as tenants by the entirety. The mortgage took the place of the real estate and presumptively on the death of either mortgagee passed to the survivor as the real estate which it replaced would have done. The other mortgage was a purchase-money mortgage arising from the sale of real estate owned solely by the husband, the mortgage being given by his direction jointly to himself and his wife. The wife did not furnish any part of the consideration of this mortgage. A mortgage standing in the joint names of husband and wife constitutes *prima facie* evidence of a gift to the wife in case of her survivorship in the absence of evidence showing a contrary intention. (*Matter of Albrecht*, 136 N. Y. 91, 95; *Sanford* v. *Sanford*, 45 id. 723; *Matter of Niles*, 142 App. Div. 198; *West* v. *McCullough*, 123 id. 846; *Matter of Kaupper*, 141 id. 54, 57; *Matter of Thompson*, 167 id. 356, 360.) We discover no evidence to overcome the presumption. Reliance is placed on some casual and disconnected statements by the administratrix in her testimony, but those statements are merely incorrect expressions of opinion as to the respective rights of herself and husband in reference to the mortgages. They throw no light on the intention of the parties in the creation of the mortgages. The presumption in favor of the appellant is not destroyed because she does not have the legal knowledge to properly assess her own rights at their true value. The claim of the administratrix in respect to these two mortgages should be sustained.

In taking the inventory the appraisers set apart for the widow $125 and a gold watch valued at $25. She subsequently claimed that the watch had been given her by her husband and that the $125 was not present when the inventory was made and had not been received by her, and she, therefore, credited herself in her account with $150. The surrogate rejected her claim as to this item and surcharged her account with that amount. The claim of a gift of the watch cannot be sustained, but there is no convincing evidence in opposition to that of the administratrix that she did not receive the $125. For this latter amount she is entitled to be credited in her account.

In respect to the other questions raised by the appellant we think they were correctly disposed of by the surrogate.

The decree should be modified in accordance with this opinion, and as so modified affirmed, with costs to both parties payable out of the estate.

Decree modified in accordance with opinion, and as so modified unanimously affirmed, with costs to both parties payable out of the estate.