In the Matter of the Estate of HANNAH BLUMENTHAL, Deceased.

Surrogate's Court, New York County, November, 1922.

**Husband and wife — when purchase-money mortgage is owned by mortgagees as tenants by the entirety.**

After the conveyance of real property owned by a husband and his wife as tenants by the entirety the husband died. *Held*, that the bond and mortgage given by the grantee to secure the purchase price belonged to the estate of the surviving wife even though both instruments were retained in the possession of the husband during his lifetime.

DISCOVERY proceeding.

*House, Grossman & Vorhaus* (*James T. Brady*, of counsel), for estate of Hannah Blumenthal.

*Wise & Seligsberg* (*Isaac Lande*, of counsel), for executors of the estate of Alfred Blumenthal.

FOLEY, S. This is a discovery proceeding brought by the executors of testatrix against Gustave Blumenthal and Edward E.

Spitzer, as executors of the estate of Alfred Blumenthal. The respondents have filed an answer. They claim title to the bond and mortgage, which is the subject of this proceeding. The facts are undisputed. The matter was submitted to the surrogate on the return of the order of discovery, and the only issue involved is one of law. Alfred Blumenthal and Hannah Blumenthal, his wife, were the owners as tenants by the entirety of certain premises within this county. During their lifetime they conveyed the same and took back a purchase-money mortgage of $35,000, which ran to Alfred Blumenthal and Hannah Blumenthal, his wife. Alfred Blumenthal died on June 12, 1921. His wife died on June 24, 1921. The bond and mortgage in question were in the possession of Alfred Blumenthal during his life and have been retained by his executors since his death. The petitioners claim that the bond and mortgage, upon the death of Alfred Blumenthal, became the property of his wife Hannah.

I find that the entire mortgage belongs to the wife's estate. *Matter of Kennedy*, 186 App. Div. 188. In that case a husband and wife, being tenants by the entirety, conveyed and took back a purchase-money mortgage, and the court held that it stood in the place of the real estate, and on the death of either, passed to the survivor, as the real estate, which it replaced, would have done. The rule has always been the same with bank deposits as with securities, that where the fund or investment is taken in the name of husband and wife, a right of survivorship is presumptively created. *Matter of Thompson*, 167 App. Div. 356; affd., 217 N. Y. 609; *Borst* v. *Spelman*, 4 N. Y. 284; *Sanford* v. *Sanford*, 45 id. 723; *Matter of Albrecht*, 136 id. 91. The contrary decision of the Appellate Division, second department, in *Matter of Baum*, 121 App. Div. 496, relied upon by the respondents here, did not long survive, for it was speedily overruled with a comprehensive opinion by Justice Miller a year later in *West* v. *McCullough*, 123 App. Div. 846; affd., 194 N. Y. 518. It may be noted in passing that Justice Gaynor, who wrote the opinion in the former case, dissented in the latter.

Application granted. Submit decree on notice accordingly.

Decreed accordingly.