FRANK J. BROSNAN, as Administrator, etc., of JOHN BROSNAN, Deceased, Plaintiff, *v.* JOHN M. GAFFNEY, as Administrator, etc., of MARGARET L. BROSNAN, Deceased, Defendant.

Second Department, May 9, 1924.

**Mortgages — husband owned house at time of second marriage — house was sold after second marriage, wife joining in deed, and purchase-money mortgage was taken back in name of husband and wife — bond and mortgage held by husband and wife as tenants in common under Real Property Law, § 66.**

A purchase-money mortgage given to a husband and wife which does not indicate that they are to take as tenants by the entirety, belongs to them as tenants in common under section 66 of the Real Property Law, where it appears that the house on which the mortgage was given was owned by the husband prior to his second marriage and was conveyed thereafter by a deed in which his wife joined.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*John J. McGinniss,* for the plaintiff.

*Francis J. McLoughlin,* for the defendant.

MANNING, J.:

John Brosnan, plaintiff's intestate, on or about the 12th day of September, 1903, purchased a lot of land, with a house thereon, known as No. 381 Third street, in the borough of Brooklyn, from one Annie E. Mingus, and continued to own that property from the date of its purchase down to July 29, 1919. He was a widower

with several children. Fifteen years after he bought the property he married his second wife, Margaret L. Brosnan. On or about July 29, 1919, and about a year after this marriage, he sold the property to one Carmelo Mammi and his wife, the consideration for the conveyance being $7,200. In the deed his second wife, Margaret L. Brosnan, joined, thus extinguishing her right of dower in the premises. Upon the sale, and in part payment of the purchase price thereof,· Mammi and his wife, the purchasers, made, executed and delivered to said John Brosnan and Margaret L. Brosnan, his wife, a bond and purchase-money mortgage for the sum of $5,200. The mortgage was dated simultaneously with the deed. Thereafter, and on or about the 7th day of August, 1921, John Brosnan died, leaving him surviving his widow, Margaret L. Brosnan,·and several children 'by his former deceased wife. He left no will, and letters of administration upon his estate were issued to his son, Frank J. Brosnan, the plaintiff in this action, by the surrogate of Kings county, wherein Brosnan resided at the time of his death. Thereafter, and on or about July 1, 1922, his widow, Margaret L. Brosnan, died, leaving her surviving two brothers, John M. Gaffney and Edward E. Gaffney. She left no will, and letters of administration upon her estate were issued to John M. Gaffney, the defendant herein, by the surrogate of Kings county.

The claim of the plaintiff is that the bond and mortgage referred to constitute property belonging to the said John Brosnan and Margaret L. Brosnan, as partners, or tenants in common, and he asks judgment that one-half thereof, or of the value and proceeds thereof, together with one-half of the interest collected thereon since the death of John Brosnan, be paid over to him. The defendant claims that the bond and mortgage referred to constitute property of which the said Margaret L. Brosnan was the sole owner, as the *surviving* widow of said John Brosnan, and judgment is asked that the plaintiff's complaint be dismissed, and for such other relief as may be just.

In support of the claim of the defendant it is pointed out that the mortgage in question and the bond accompanying the same were given in part payment of the purchase price of the house and lot conveyed to Carmelo Mammi and his wife, which Brosnan had bought in 1903. And further, that when Brosnan sold the property and took the bond and mortgage in part payment, he had the bond and mortgage made in the name of himself and his wife, thereby evidencing an intention to make a gift to her in case she should survive him.

The defendant cites *Matter of Niles* (142 App. Div. 198, 200), *West* v. *McCullough* (123 id. 846), and *Sanford* v. *Sanford* (45 N. Y.

Second Department, May, 1924. [Vol. 209

723; 58 id. 69). In the *Sanford Case* (58 N. Y. 69, 72) the court said " that when a party loaned money and took a note therefor payable to the order of himself and wife, it constituted a gift of the note to the wife if it remained unpaid in the hands of the husband at the time of his death and the wife survived him." And in *Matter of Niles* (142 App. Div. 198) it was also held that where a husband and wife took an assignment of a mortgage in place of an original mortgage to them, the husband paying the entire consideration, the wife, on the death of the husband, succeeds to the entire interest. The defendant, in addition to the authorities mentioned, also refers us to *Matter of Kaupper* (141 App. Div. 54, 57) and *Matter of Thompson* (167 id. 356). These cases, and others, including *Matter of Baum* (121 App. Div. 496, 2d Dept.); *West* v. *McCullough* (123 id. 846; affd., 194 N. Y. 518), and *Matter of Kennedy* (186 App. Div. 188, 3d Dept.), are not entirely in accord with each other; in fact, there are conflicting opinions in some of them, notably in the *Kennedy* case, the *Baum* case, and in *West* v. *McCullough*. In the very recent case entitled *Matter of Blumenthal* (236 N. Y. 448), Judge CRANE, writing for the majority of the court, refers to these authorities and points out the distinguishing features in some of them; and also the reasons why there was an apparent conflict in judicial reasoning as to the succession to property by right of survivorship. In the *Blumenthal* case the estate of the husband and wife was by the entirety. The property was sold and a purchase-money mortgage was taken back in the name of the husband and wife. No proof other than this was offered to show whose money it was, and the husband and wife having died, the question arose there, as in the case before us, who was entitled to the property, the proceeds of the bond and mortgage, those representing the husband, or those representing the wife? Each claimant invoked the doctrine of presumption as applying to their particular claim under the circumstances. Judge CRANE says in his opinion: " So in this case of the estate by the entirety, the real estate was sold, the estate ended and in its place we find a purchase-money mortgage in the name of husband and wife without knowing whose money it represents. The furthest a reasonable presumption will carry us is that each owns one-half. * * * To say that ' the mortgage took the place of the real estate,' as was said in the *Kennedy* case, is merely to jump at a conclusion. Such could be said about a mortgage given in part payment if it covered other property than that sold or could likewise be said about any security given in payment. True it would take the place of the real estate as a possession of like value but not necessarily of like ownership. Estates by entirety are peculiar to real estate. No such

thing exists, except by analogy, as to personal property. (*Matter of Albrecht*, 136 N. Y. 91; *Matter of McKelway*, 221 N. Y. 15.) ”

In the case before us, however, there is no claim that a tenancy by the entirety ever existed, and there is no mention of joint tenancy in the mortgage. John Brosnan, the owner of the property upon which the purchase-money mortgage was placed, concededly owned this property for fifteen years before he married his second wife, and there is no proof that she ever contributed towards its purchase. The property was his, and all the interest that she acquired by her marriage to him was that which the law gave her in the form of an inchoate dower. This right she voluntarily released and extinguished when she joined in the deed of conveyance with her husband. Therefore, we have this situation, which is very clearly and tersely stated by Judge CRANE in *Matter of Blumenthal* (*supra*), in the following language: “ If the bond and mortgage are to be treated as a substitute for the real estate and as being held by the parties like an estate by the entirety or in joint tenancy, then Hannah Blumenthal as the survivor and her estate since her death is the sole owner of the securities and entitled to possession thereof. On the other hand, if the bond and mortgage are to be treated like any other bond and mortgage, the execution of the bond and mortgage to Alfred Blumenthal and Hannah Blumenthal, his wife, amounted to an ownership in common and each owned one-half of the amount of the security. Upon the death of either the half would pass to his or her estate. There was no mention in the bond and mortgage that the security was to be held in joint tenancy. * * *

“ Section 66 of the Real Property Law (Consol. Laws, ch. 50) reads: ‘ Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy; but every estate, vested in executors or trustees as such, shall be held by them in joint tenancy.’ This applies also to personal property. (*Matter of Kimberly*, 150 N. Y. 90.)”

The statute is applicable here. The same situation being presented in the case now before us, we, therefore, conclude that the bond and mortgage in controversy were held in common between the husband and wife, and each had an equal share or ownership therein.

There should be judgment for the plaintiff on the submission, with costs.

Present — KELLY, P. J., RICH, MANNING, KELBY and KAPPER, JJ.

Judgment unanimously directed for plaintiff, with costs, upon agreed statement of facts.