In the Matter of the Final Accounting of the Executors of
BALTHAZER ALBRECHT, Deceased.

Where a husband and wife each furnished half of the amount of a loan and took as security therefor a bond and mortgage payable to them jointly, *held*, that upon the death of one of them the interest of the deceased vested, not in the survivor, but in the personal representatives of the deceased.

(Submitted October 20, 1892; decide November 29, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 6, 1891, which affirmed a judgment entered upon a decree of the Surrogate's Court of the county of New York upon a final accounting of executors.

The facts, so far as material, are stated in the opinion.

*Henry F. Sippold* and *James P. Niemann* for appellants. The case at bar is to be determined upon the intent of the parties, as gathered from the bond and mortgage, made payable to them, " their executors, administrators and assigns," as well as from the evidence and the surrounding circumstances, and an inference from such intent may reasonably be drawn from a variety of circumstances, however slight. (*R. C. O. Asylum* v. *Strain*, 2 Bradf. 34; *Orr* v. *McGregor*, 43 Hun, 528.) Neither the rule, nor the reason of the rule, applicable to real estate, *i. e.*, the common-law fiction of unity of husband and wife, applies to a case of personal property held by husband and wife. In such cases the survivor takes the whole, not by right of survivorship, but by virtue of the original grant or estate under or by which they held. (*Bertles* v. *Nunan*, 92 N. Y. 156; *Drummer* v. *Pitcerh*, 5 Sim. 35; *C. Hospital* v. *Budgin*, 2 Vern. 683; *Bryant* v. *Bryant*, 42 N. Y. 17; *Geary* v. *Page*, 9 Bosw. 290; *Jaques* v. *Short*, 20 Barb. 269; *Dillenbeck* v. *Dygert*, 97 N. Y. 303, 312; *Yerkes* v. *Salomon*, 11 Hun, 471; *S. S. Bank* v. *Hess*, 23 Week. Dig. 280; *Mulcahey* v. *E. I. Bank*, 89 N. Y. 438, 439; *Powers* v. *Lester*, 23 id. 527; *Jooss* v. *Fey*, 129 id. 17; Laws of 1887, chap. 537.) It cannot be fairly presumed that the old common-law fiction of unity of husband and wife applied to real estate, applies with equal force to personal property, like a bond and mortgage, which latter is but a mere security for the former, and an incumbrance on land, for the reason that since the married women's acts, a husband may make a gift, or a transfer of such property, directly to the wife. (*Phillips* v. *Wooster*, 36 N. Y. 412; *Rawson* v. *P. R. R. Co.*, 48 id. 216; *Seymour* v. *Fellows*, 77 id. 178; *Kelly* v. *Campbell*, 2 Abb. App. Dec. 494; *Brown* v. *Thurber*, 10 Daly, 188, 190, 191; *Whiton* v. *Snyder*, 88 N. Y. 299; *Fruhauf* v. *Bendheim*, 127 id. 587; *Cushman* v. *Henry*, 75 id. 103.) The husband could not reduce into possession the proceeds of the bond and mortgage without being accountable to his wife for her share thereof. (*Wright* v. *Wright*, 54 N. Y. 544.) It has been the policy of

the law to create a tenancy in common and not a joint tenancy, where it can be done, without doing violence to any known rule of law. (3 R. S. [7th ed.] 2179, § 44; *Gage* v. *Gage*, 43 Hun, 502, 503; *Purdy* v. *Hoyt*, 92 N. Y. 453; 1 Preston on Estate, 132; *Jooss* v. *Fey*, 129 N. Y. 17; *Mulcahey* v. *E. I. S. Bank*, 89 id. 435; *Blake* v. *Sanborn*, 8 Gray, 154; 1 Pars. on Cont. 31; *Gelster* v. *S. S. Bank*, 29 Hun, 504.)

*Henry Kropf* and *Gugenheimer & Untermyer* for respondents.

MAYNARD, J. Upon the final accounting of the executors in this case, the legatees in the will objected to the account upon the ground that it did not include the interest of the decedent in a bond and mortgage executed to him and his wife in 1878 for the payment of the sum of six thousand dollars, money loaned, which was outstanding at the time of his death in 1886, and also at the time of the death of the wife which occurred some two months later. It was claimed by the executors that upon the death of the husband the title to the bond and mortgage and to the money secured by it vested wholly in the wife by virtue of her survivorship, and upon her death belonged to her estate to be distributed to her next of kin, and that no part thereof passed under the will of the husband to the legatees named therein. The surrogate sustained this claim and overruled the objections of the legatees, and his decision has been affirmed by the Supreme Court. It appeared from the evidence, and was found by the referee, that the husband and wife each invested the sum of three thousand dollars in the bond and mortgage and the money which was loaned to the mortgagor was drawn from the savings banks, where each had deposits to his or her individual credit. Under these circumstances we think it was a joint investment by the husband and wife, and that each had an interest in the security taken therefor, to the extent of the amount contributed by him or her, and that upon the death of either such interest vested in the personal representatives of the deceased party.

There is no room here for the application of the doctrine which prevails where husband and wife take an·estate in property as tenants by the entirety. That relation can only exist where there is a conveyance of a vested interest in or title to real property.

Since the adoption of the Revised Statutes it has been the law of this state that a mortgagee acquires no title to the mortgaged property; that the mortgage is simply a chose in action, held as collateral security for the payment of a debt, and until foreclosure the mortgagor has the entire fee subject to the lien of the mortgage. Here the bond is the principal obligation and the rights of the joint creditors as between themselves upon the collection of the debt are not affected by the existence of the mortgage as collateral security for its payment. It might be observed that if this was a case governed by the same principles which determine the rights of husband and wife where real property is conveyed to them during coverture, it would not necessarily follow that they would become tenants by the entirety. If nothing was shown to evince a contrary intent such would undoubtedly be held to be the relationship of the parties, as was decided in *Bertles* v. *Nunan* (92 N. Y. 155). But this court has held in the recent case of *Miner* v. *Brown* (133 N. Y. 308), that such a tenancy is not created where it appears from the character of the transaction that it was the intention of the parties that the grantee should take as joint tenants or as tenants in common. To the same effect is *Jooss* v. *Fey* (129 N. Y. 17). What would be the legal rights of the parties where upon a purchase of real property the husband and wife had each contributed from their separate estates equally or in any other ascertained proportion to the payment of the consideration does not as yet seem to have been the subject of judicial decision.

It is not necessary, however, to farther pursue this mode of reasoning, for it has no value, except as it may be instructive by way of analogy. The rights of husband and wife in the personal property of each other, or in that which may be transferred to them jointly, rest upon different grounds than those

which support a tenancy by the entirety. We cannot affirm the decree of the surrogate without, in effect, ruling that if the wife had predeceased the husband he would have taken her share of the investment by virtue of his survivorship. But under the married woman's acts, she is to be regarded as if she were sole with respect to her property rights, and she may unite with her husband in the purchase of personal property with her separate funds, and the interest which each will acquire in the subject of the purchase will not be affected by the marital relation. The law now regards them as standing upon the same plane of equality as if they were strangers to each other.

We are aware that there are many authorities holding that where the husband purchases a security or makes a deposit, or subscribes for stock in the joint name of himself and wife and pays therefor with his own funds upon his death the entire security belongs to the wife if she survives him. But the decision in all these cases is put upon the ground that it is apparent from the character of the transaction that the husband intended to give the property to his wife in the event of her survivorship, and hence the transfer possesses all the essential qualities of a gift *causa mortis*, which he may revoke in his lifetime and which does not take effect until his death if not previously recalled. While he lives his control over it is unlimited and at his death it becomes her absolute property, if she survives him, but if she does not the gift is not consummated, and the husband retains the entire title. This was the rule laid down by Lord Eldon in *Wilde* v. *Wilde* (Roper's Husb. & Wife, Jacob's ed. vol. 1, p. 54), where it was held that if the husband purchased stock in the joint name of himself and wife it was *prima facie* a gift to her, in case of her surviving, unless evidence was produced of cotemporaneous acts showing a contrary intention. But if the husband and wife each contribute to a joint investment or to the purchase of a security and the title is taken in their joint names to be held by them, their executors, administrators, or assigns, as was the bond and mortgage in the present case, no presumption

can properly arise from the nature of the act that either intended to make a gift of his or her share to the survivor. The just inference is that each regarded it as a loan of individual property upon the strength of the security taken, and they become tenants in common of the bond and mortgage with all the rights and incidents of such a relationship.

We are unable to find any reported case in this state where the question has been presented in this form, but the Supreme Court of Michigan, held, in 1877, in the case of *Wait* v. *Bovee* (35 Mich. 425), that where husband and wife, being each possessed of means, had made investments jointly, each supplying half, and had taken the securities in their joint names, the wife, on the decease of the husband during her lifetime, did not take the whole by the right of survivorship; and that the rule which prevails as to the right of survivorship in the case of united holdings of real estate by husband and wife is not applicable to personalty. This view is supported by the principles of justice which should prevail in the determination of the rights of parties, and is in accord with the spirit of modern legislation which has striven to place the parties to the marriage contract upon the same footing with respect to the acquisition and control of their individual properties, as if the conjugal relation did not exist. The decree should be reversed, and the executors required to account for the interest of the testator in the bond and mortgage; but as the question is new, and it is apparent that the executors have acted in good faith, the costs of both parties should be paid out of the estate.

All concur.

Judgment reversed.