WILCOX v. MURTHA et al.

(Supreme Court, Appellate Division, Second Department.   June 13, 1899.)

GIFT FROM HUSBAND TO WIFE.
    Where a husband sold land which he owned, subject to his wife's dower
    interest, and took from the purchaser a bond and mortgage thereon exe-
    cuted to them jointly, she is entitled to them, as an implied gift to her,
    where she survives him, and no change is made in the securities.

Action by George Wilcox, as executor of the last will and testa-
ment of Martha W. Peirson, deceased, against James A. Murtha
and another, as executors of, and trustees under, the last will and
testament of William G. Peirson, deceased.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD. JJ.

George Wilcox for plaintiff.
Murtha & Tucker, for defendants.

HATCH, J.  The agreed statement of facts discloses that Wil-
liam G. Peirson in his lifetime was the owner of certain real prop-
erty situate in the borough of Brooklyn, in which his wife, Martha
W. Peirson, had an inchoate right of dower.  In November, 1895,
Peirson and his wife entered into a contract with Robert C. Hop-
kins, whereby Hopkins agreed to purchase said property, and as-
sume the payment of the first mortgage thereon, and to execute
and deliver to Peirson and wife a second mortgage.  Such contract
was thereafter executed, and Peirson and wife conveyed by deed
to Hopkins, taking back therefrom a bond given by Hopkins, se-
cured by a mortgage upon the property, which bond and mortgage
are the subject of this controversy.  Peirson died on the 3d day of
September, 1896, leaving his wife him surviving, and on the 13th
day of December, in the same year, the wife died.  The defendants,
executors and trustees of the husband, came into possession of
such bond and mortgage, and have received of principal and in-
terest thereon $2,660.38, and paid therefrom, on account of an assess-
ment for paving, $48.93.  The plaintiff, as executor of Martha W.
Peirson, demands the possession of said bond and mortgage, and
the moneys collected on account thereof.  This demand has been
refused by the defendants, accompanied by a tender to the plaintiff
of one-half of the amount collected.  This was refused, and the
controversy is as to who has the legal right to the bond and mort-
gage, and the amount secured to be paid thereby, as well as the
sums already paid thereon.

The question seems to be settled by authority.  Where a husband,
being the owner of property, takes a security thereon in the joint
names of himself and wife, or invests his money in security in their
joint names, the rule of law is that, if the wife survive the hus-
band, she takes the entire property.  Sanford v. Sanford, 45 N. Y.
723, on appeal, 58 N. Y. 69.  This doctrine proceeds upon the ground
that, as the transaction possesses all the essentials of a gift causa
mortis, an intent is presumed on the part of the husband to give

to the wife, in the event she survive him, the whole property. Such rule, however, does not obtain where the husband, during his lifetime, revokes the transaction or makes other disposition of the property; nor does it apply where the husband and wife each contributes of their joint funds to the investment, as in such case they become tenants in common of the security, with all the rights and incidents of such relationship, and title and right thereto 'goes to the executors and administrators of each, and the doctrine of tenancy by the entirety does not obtain. In re Albrecht, 136 N. Y. 91, 32 N. E. 632. We have at the present term had occasion to consider the rights of parties under somewhat similar conditions. Wetherow v. Lord (Sup.) 58 N. Y. Supp. 778, not yet officially reported. There the money was deposited in the joint names of husband and wife in a savings bank, but it did not appear whose money it was at the time of the deposit; and we held, in the absence of any proof as to the original ownership of the money, that the parties took equally, and that a gift by the husband of the whole to a third party during the survivorship of the wife could not be upheld, as they were presumed to have an equal interest in the money. But in this case it is admitted that the husband was the owner of the property, and his wife's interest therein was limited to dower. He having taken the security in the name of both, and having permitted it so to remain until his death, under the rule of the foregoing authorities she took the whole as survivor, in consequence of which her executor is now entitled to the possession of the bond and mortgage and the sums of money which have been paid thereon. The defendants claim that they have a right in equity to one-half of the sum paid upon the bond and mortgage and the remainder to be paid. This would be correct. were the relation of the parties that of joint owners; as therein the survivor, while taking the entire legal interest, is regarded in equity as a trustee for the personal representatives of the deceased party. People v. Keyser, 28 N. Y. 226. No such rule, however, is applicable to the present case; for the reason that the law, under present circumstances, implies a gift by the husband to the wife arising out of the transaction itself, and his subsequent acquiescence therein until death.

It follows that judgment should be ordered for the plaintiff upon the submitted case. All concur.