appears to have been impressed by the belief that the testator could not understand the effect of the legal terms and phrases used in the will, an inspection of that document shows it to have been the work, not of a lawyer, but of a layman. The undisputed evidence is that said brother dictated the will to a stenographer in the presence of the testator from notes prepared by the latter; that each paragraph was discussed as dictated, and changed as suggested by the testator; that after the stenographic notes were typewritten the testator took the typewritten pages, kept them some weeks, and returned them with changes made in his own handwriting, whereupon the will was again dictated to the stenographer by the said brother in the presence of the testator. The subscribing witnesses, three in number, were well acquainted with the testator, and they all testify to facts surrounding the execution of the will tending to show that it was the free and voluntary act of the testator.

The mere fact that the draftsman of a will is made executor or a trustee is not sufficient to raise any presumption that he practiced undue influence, and neither the case of Marx v. McGlynn, supra, nor any other within our research, holds that it is; and we do not deem it necessary to cite authority upon the proposition that no such presumption can arise from a transaction so natural and customary. It might seem to us unwise to tie up in a trust so small an estate; but we are not making this will, and the testator provided that the principal could be used. Had there been a diversion of any portion of the testator's estate from the natural objects of his bounty, a different question might arise. The second codicil might be open to question, if it did not appear without dispute that it really disposes of no interest which the testator had, because by the agreement of dissolution, made some months before the execution of said codicil, it was agreed that the brother should succeed to all of the copartnership property; and it is also uncontradicted that the testator had visited the real property in question and had reported that in his opinion it was not worth the taxes levied upon it.

The decree must be reversed.

Decree of the Surrogate's Court of Kings county reversed, and will admitted to probate, with costs to the appellant payable out of the estate. All concur.

---

(121 App. Div. 496.)

## In re BAUM.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

1. HUSBAND AND WIFE—ESTATE BY ENTIRETY—APPLICATION TO PERSONAL PROPERTY.

The law of tenancy by the entirety does not apply to personal property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, §§ 73, 88.]

2. SAME—TERMINATION.

That a bond and mortgage taken in the name of the husband and wife were given in part payment of the purchase price of land owned by them in entirety does not entitle the husband, as survivor on the death of the wife, to the whole of the proceeds of the bond and mortgage, since on the sale of the land the tenancy by the entirety ended.

Appeal from Surrogate's Court, Queens County.

Accounting by John George Baum, administrator of the estate of Fredericka Baum, deceased. From a decree of the surrogate, charging him with one-half of the proceeds of certain bonds and mortgages, the administrator appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, MILLER, and GAYNOR, JJ.

Leander B. Faber (Charles H. Street, on the brief), for appellant.
James J. Conway, for respondent Breul.
Henry D. Merchant, for respondents Durkel and Fortcher.

GAYNOR, J. This appellant and his wife owned a piece of real estate as tenants by the entirety. They conveyed it, and took back a purchase money bond and mortgage made payable to both of them for part of the purchase money. He owned another piece of real estate, conveyed it, she joining, and took back a like purchase money bond and mortgage made payable in the same way. She afterwards died and he is her administrator. The surrogate has charged him as such administrator with one-half of the proceeds of the said bonds and mortgages, they having been paid since the wife's death. He claims that he is entitled to the whole of such proceeds as survivor, and appeals. The law of ownership or tenancy by the entirety does not apply to personal property. To enable the husband to take the whole by survivorship there would therefore have to be an agreement to that effect, or a gift causa mortis, and there is neither here. That one of the pieces of land was owned by the husband and wife as tenants by the entirety does not make a different case. When it was sold such tenancy was ended. Matter of Albrecht, 136 N. Y. 91, 32 N. E. 632, 18 L. R. A. 329, 32 Am. St. Rep. 700.

The decree of the surrogate should be affirmed.

Decree of the Surrogate's Court of Queens county, so far as appealed from, affirmed, with costs payable out of the fund. All concur.

---

(121 App. Div. 473.)

### MACKEY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—ACTIONS—EVIDENCE — ADMISSIBILITY.

In an action for personal injuries alleged to have been caused by the defective condition of a sidewalk, in that there was a depression due to the construction of a curb about 10 or 12 inches from the old curb, without sufficiently filling in the intervening space, evidence that this space was filled in shortly after the accident is inadmissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1737.]

Appeal from Trial Term, Queens County.

Action by John J. Mackey against the city of New York for personal injuries. From a judgment for plaintiff, and an order denying its motion for a new trial, defendant appeals. Judgment and order reversed, and new trial granted.