### WEST v. McCULLOUGH et al.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. HUSBAND AND WIFE—PROPERTY OF HUSBAND—DEPOSIT IN BANK IN NAMES OF BOTH—RIGHT OF SURVIVORSHIP OF WIFE.

Where a husband opens a savings bank account in the names of himself and wife, the wife acquires a right of survivorship in the fund, since the husband's act alone, without delivery, and without creating a joint

tenancy, evidences an intention on his part to benefit her to that extent, and the transaction is complete when the deposit is made.

2. SAME—EVIDENCE—INTENTION OF HUSBAND IN MAKING DEPOSIT.

Evidence independent of the presumption arising from a husband's act in opening a savings bank account in the names of himself and wife *held* to show his intention that his wife should have the right of survivorship in the fund.

3. SAME.

At common law, while a husband could not by direct conveyance give or grant an estate to his wife, and the wife's choses in action reduced to possession during coverture belonged to the husband, by making a deposit or taking in the name of himself and wife, he could create a right of survivorship in the wife, which transaction was not strictly a gift inter vivos or causa mortis, and delivery was neither necessary nor practical, as the husband retained control and the right of disposition during his life; but this rule did not rest wholly on the common-law doctrine of unity of husband and wife, and the reason for it was not destroyed by the acts removing the disabilities of married women.

4. JOINT TENANCY—PROPERTY SUBJECT TO JOINT TENANCY—SAVINGS BANK DEPOSITS.

Joint tenancies of savings bank deposits may be created, if so the parties intend, irrespective of whether the tenants be husband and wife, and in such case the right of survivorship exists.

5. HUSBAND AND WIFE—PROPERTY OF HUSBAND—DEPOSITS—INTENTION OF DEPOSITOR.

Where a deposit is made in a savings bank in the names of more than one person, the character of the parties' rights depends upon the depositor's intention, which may be determined by presumptions in the absence of other proof, and, if a person deposits his own money in the name of himself and another not his wife, the presumption is that it is done for purposes of convenience only; but, in the case of husband and wife, the husband is presumed to have intended to benefit the wife to the extent at least of conferring on her the right of survivorship.

Gaynor, J., dissenting.

Appeal from Special Term, Kings County.

Action by Sarah R. West, administratrix of Hester A. McCullough, sometimes known as Esther A. McCullough, against the Williamsburgh Savings Bank, in which Annora L. McCullough and another, administrators with the will annexed of George W. McCullough, were interpleaded. Judgment for plaintiff and said administrators, defendants, appeal. Affirmed.

George W. McCullough had his money deposited in the Williamsburgh Savings Bank in his sole name. He caused the account and bank book to be changed to his wife and himself as follows: "Hester A. McCullough and George W. McCullough." Thereafter no deposits were added. The husband retained possession of the pass book, and also made several withdrawals. The wife made none. The husband died, and afterwards the wife. Her administratrix brought this action against the bank to recover the balance of the said account. It caused the administrators with the will annexed of the husband to be interpleaded as defendants, as they claimed the said balance also, and paid the money into court, and in that situation the case was tried.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

John Thomas Smith, for appellants.
Henry A. Powell, for respondent.

MILLER, J. When George W. McCullough changed the savings bank account to the names of himself and wife, he had controlling authority for believing that that act evidenced an intention on his part to benefit his wife to the extent of a right of survivorship in said fund, and that nothing remained to be done to effectuate that intention. Borst v. Spelman, 4 N. Y. 284; Sanford v. Sanford, 45 N. Y. 726, Id., 58 N. Y. 69. The rule of those cases has been regarded as settled law (Fowler v. Butterly, 78 N. Y. 68–72, 34 Am. Rep. 507; Augsbury v. Shurtliff, 180 N. Y. 138–147, 72 N. E. 927; De Puy v. Stevens, 37 App. Div. 289, 294, 55 N. Y. Supp. 810; Kelly v. Home Sav. Bank, 103 App. Div. 141–150, 92 N. Y. Supp. 578), and has squarely been held to apply to a deposit in a savings bank made by the husband in the names of himself and wife (Platt v. Grubb, 41 Hun, 447; McElroy v. Albany Sav. Bank, 8 App. Div. 46, 40 N. Y. Supp. 422; Matter of Meehan, 59 App. Div. 156, 69 N. Y. Supp. 9). The cases are discriminated by Mr. Justice Jenks in the Meehan Case, supra, and we might well adopt his opinion in that case without further discussion; but, as we are not agreed, it may be well to observe that in determining the intention of said McCullough in the case at bar we are not limited to his act. It is undisputed that he did not make the change for the purpose of convenience, as might have been found in the Meehan Case. The wife in this case never drew on the account during the life of her husband. After changing the form of the savings bank account, said McCullough made his will, by which he gave his wife the life use of his property, remainder to his brother. Besides the small savings bank deposit, he had real estate which yielded gross receipts of $15 per month. He told his pastor—referring to the fact of having made his will—that the house should go to his brother William, and the money to his wife; that he had put the money in the bank for that purpose. That statement, instead of contradicting, explains the will, if, indeed, any explanation were needed. Surely the testator did not intend such ill provision for his wife as the use of his small estate, and it is not too much to suppose that he relied on legal advice for the belief that, having changed the form of the savings bank account, he did not need to mention it in his will. I believe that savings bank accounts are frequently opened in this manner, especially by men of limited means, for the purpose of giving the wife the right of survivorship; and irrespective of the reasons for the rule, or whether they longer exist, it should not now be changed. But I do not think that the rule rested wholly upon the common-law doctrine of unity of husband and wife, as is said, or that the reason for it was destroyed by the acts removing the disabilities of married women. Sanford v. Sanford, supra, was first decided in 1871, and involved a note made in 1864. At common law the husband could not by direct conveyance give or grant an estate to the wife and the wife's choses in action reduced to possession during coverture belonged to the husband. But by making a deposit or taking a security in the name of himself and wife the husband could create a right of survivorship in the wife. That right, instead of being based on the general rule, was rather an exception to it. The transaction was not strictly a gift inter vivos or causa mortis, and delivery was neither necessary nor practical, as the husband retained control and

the right of disposition during his life. Such right thus retained is not strictly analogous to those rights as tenant by the entirety which the husband possessed jure uxoris. The latter only, not the right of survivorship, were affected by the acts removing the disabilities of married women. Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762. It may be that the husband's right to confer upon the wife this peculiar estate or interest, a right of survivorship only, simply by making a deposit or investment in their joint names, was an outgrowth of doctrines applicable to the status of husband and wife at common law. It was declared to rest upon the presumption that by doing that the husband intended to benefit the wife. As he could not thus benefit her during their joint lives, he having the right to reduce to possession even her own choses in action, it followed that he must have intended to give her the right of survivorship, and it was decided that he could do that without the formalities necessary for a gift inter vivos or causa mortis. A rule based on human experience, acted upon for many years in the light of judicial decisions, ought still to hold good, and I am unable to perceive why an additional requirement—i. e., delivery—should be imposed simply because the wife's disabilities have been removed by statute. Sanford v. Sanford, supra, was not overruled, but its doctrine reaffirmed, in Matter of Albrecht, 136 N. Y. 91, 32 N. E. 632, 18 L. R. A. 329, 32 Am. St. Rep. 700, as was pointed out by Mr. Justice Jenks in the Meehan Case, supra. The Albrecht Case did not decide that there could be no right of survivorship in choses in action payable to husband and wife, even though each had contributed equally thereto, but that in such case there was no presumption that the parties so intended. Joint tenancies of savings bank deposits may however be created, if so the parties intend, irrespective of whether the tenants be husband and wife, and in such case the right of survivorship exists. Farrelly v. Emigrant Indust. Sav. Bank, 92 App. Div. 529, 87 N. Y. Supp. 54; Kelly v. Home Sav. Bank, supra. The question, then, is one of intention, to be determined by presumptions in the absence of other proof. In case a person deposits his own money in a savings bank in the name of himself and another, not his wife, the presumption is that it was done for purposes of convenience only. Matter of Bolin, 136 N. Y. 177, 32 N. E. 626. But in the case of husband and wife the courts have said, and I think experience has shown, that the husband is presumed to have intended to benefit the wife to the extent at least of conferring upon her the right of survivorship; and, as it has uniformly been held that the husband could do that without creating a joint tenancy and without delivery, that rule should be adhered to. I think it was necessarily held in Augsbury v. Shurtliff, supra, that delivery was not necessary to confer such right of survivorship, and it is difficult to perceive how there could be a delivery, if only such right were intended to be conferred. The transaction is complete when the security is taken or the deposit is made in the joint names.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur, except GAYNOR, J., who dissents.

GAYNOR, J. (dissenting). 1. The common law rule in this state was that all choses in action payable to husband and wife jointly went to the survivor. Borst v. Spelman, 4 N. Y. 288; Sanford v. Sanford, 45 N. Y. 723. It was based on the common law unity of husband and wife, in analogy to the rule of tenancy by the entireties in respect of real property. By saying in Sanford v. Sanford (the words used in Borst v. Spelman are more discriminating) that "taking this note in the name of himself and wife shows that the husband intended thereby to give it to her, in case she survived him, and a delivery to her was unnecessary to perfect the gift," the court did not mean to change the strict rule of the requirements of a gift, including delivery in case of a gift causa mortis as well as inter vivos (Grymes v. Hone, 49 N. Y. 17, 10 Am. Rep. 313; Champney v. Blanchard, 39 N. Y. 111), but only to say that the husband intended by taking the note in both names to let it go to his wife by the rule of survivorship, or by analogy thereto, if she should survive him, and in that way give it to her. But since the rule of survivorship no longer exists, a husband could not now benefit his wife—or make a "gift" to her, if we may depart from the accurate use of that word—in this way; he could not in effect make a gift to her by aid or after the manner of the operation of such rule, for it no longer operates. And it cannot be gainsaid that that rule no longer exists in this state since the passage of the statutes giving married women the same individual status and capacity in respect of owning property as though they were sole, or at all events under their final interpretation by the decisions. It is true that it has been held that the said statutes did not do away with the common law right of survivorship of husband or wife in tenancies by the entireties of real estate (Bertles v. Nunan, 92 N. Y. 155, 44 Am. Rep. 361), but the contrary has been since settled in regard to choses in action (Matter of Albrecht, 136 N. Y. 91, 32 N. E. 632, 18 L. R. A. 329, 32 Am. St. Rep. 700; Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762). In the Albrecht Case it is said:

"There is no room here for the application of the doctrine which prevails where husband and wife take an estate in property as tenants by the entirety. That relation can only exist where there is a conveyance of a vested interest in or title to real property."

And again:

"The law now regards them as standing on the same plane of equality as if they were strangers to each other."

It follows that choses in action payable to husband and wife jointly do not now go to the survivor. The identity of each in such a case is as distinct as between any other persons. They now own jointly and severally, each owns one half, instead of both owning as one and the survivor therefore taking all. And from this it follows that the husband and wife each owned one half of the savings bank deposit in question if they owned it jointly and severally, instead of the husband owning it for life with full power of disposition, as was the common law, and upon one of them dying the other taking it by survivorship.

2. But as the money was the husband's, title to it could have got in the wife in only one way, viz., by gift of the husband to her, and

108 N.Y.S.—32

such a gift is therefore claimed by the plaintiff. As there is no claim of a gift of one-half of it, the fund has to be dealt with as a whole. The claim is, first, that the bare fact of the husband depositing his money in the savings bank in the name of himself and his wife makes out such a gift, and, second, that if that be not so, then such gift is proved by the oral declarations of the husband afterwards.

The decision in Matter of Bolin, 136 N. Y. 177, 32 N. E. 626, is decisive against the first claim. There a mother deposited her money in a savings bank in the names of herself and daughter as follows:

"Julia Cody or daughter, Bridget Bolin."

The mother having died, it was held that this was not proof of a gift, and that there was no gift; that inasmuch as it might have been done for a purpose of convenience only, i. e., to enable either to draw money as occasion might require, it was at best only equivocal on the question of the mother's intention, whereas evidence of a gift must be "inconsistent with any other intention or purpose" to suffice. The same principle is laid down on the different question of voluntary trusts in Matter of Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711. In the Bolin Case the daughter had possession of the bank book during the mother's life, but of this the court still says:

"There were no words of gift, and the receipt and holding of the pass book were consistent with a mere custody or agency. The law never presumes a gift. To constitute a valid gift there must have been the intent to give, and a delivery of the thing. The evidence must show that the donor intended to divest herself of the possession of her property, and it should be inconsistent with any other intention or purpose."

This decision is in point and controls the present case. Here the husband kept the pass book. The mere fact of changing the account from his name to the name of himself and his wife is not proof of a gift, any more than if he had used his daughter's name. The identity of a wife is now equal to that of a daughter. It is just as much evidence of and consistent with a mere purpose of convenience in the one case as it would be in the other, viz., to enable each to draw from the account; for that was the legal effect of putting the account in the names of both husband and wife, as an obligation to two or more jointly, or jointly and severally, may be received and discharged by either or any of them, as the familiar rule is; and besides the proof is that the bank had a rule to the same effect. Indeed, it is more suggestive of a purpose of convenience in the case of a wife; for whom would a husband be more likely to associate with himself for such a convenience than his wife? Are we to say that the principle of the Court of Appeals decision in the Bolin Case is not applicable and binding in this case, i. e., that there can be no presumption that a husband associates his wife with him in a savings bank account for convenience in the drawing of the money, but that such presumption exists if he so associate his daughter or his son? Why is a wife excluded from such presumption? When she was unified with her husband she had to be, but why now?

b. Nor does the fact that "and" was used instead of "or"—i. e., that the account was in the names of the husband and wife, instead of hus-

band or wife—distinguish the present case from the Bolin Case. The use of either word has only the same legal effect in the absence of the right of survivorship, viz., that either may draw the money, and the decision in the Bolin Case is that this arrangement by the one to whom the money belongs is not evidence of a gift of the fund by him. There must be more. First, an intention to make the gift must be expressed unequivocally, and second, there must be a delivery. It is not necessary to cite cases for the strictness of the rule in respect of the essentials of a gift. It has been too often expressed, and is sufficiently reiterated in the Bolin Case, and also by ourselves in Wetherow v. Lord, 41 App. Div. 413, 58 N. Y. Supp. 778.

c. Nor does it make a distinction that the alleged gift in this case was from husband to wife. There is no relaxation in respect of a gift from spouse to spouse of the strict rule of the requisites of a gift and the clear proof by which it must be established. Neufville v. Thompson, 3 Edw. Ch. 92; Shuttleworth v. Winter, 55 N. Y. 624; Young v. Young, 80 N. Y. 422, 36 Am. Rep. 634. In fine, there being no right of survivorship, there is nothing here but the strict question of a gift. When the reason of a rule fails the rule fails; otherwise the law would become archaic at many points.

d. And if the decisions in Borst v. Spelman and Sanford v. Sanford were not obsolete but still authoritative, our case would not be different. They could apply only to cases of promissory notes, and the like, made payable by the husband's direction to both himself and wife, as his act would be unequivocal of his intention that she should own one half, in any event, if not the whole by survivorship (if that were any longer possible); but the act of depositing his money in a savings bank in both names is not unequivocal of such intention, but equivocal and therefore not probative of it, as must now be deemed settled in this state.

3. The other evidence of intention consists of declarations of the husband testified to after a lapse of twenty three years at least, for he died in 1884, and probably much longer, and made years after the deposit was changed to both names. To a leading question by plaintiff's counsel whether she ever heard the husband "say anything about who he wanted the bank account to go to," an aged woman witness answered, "To his wife." This is no declaration of a past gift, although it may express a testamentary intention. On cross examination the memory of the witness grows uncertain and unreliable. Moreover her evidence was indefinite, for there was also a similar account in another bank, and it does not appear which was spoken of. Another witness, a clergyman, testified that the husband told him "he had made his will and that the property, that is the house, that should go to his brother William, and the money was for his wife Hester." Nor is this any declaration of a past gift, but rather about his will. And his will contradicts this evidence, for it leaves all of his property, personal and real, to his wife for life, remainder to his brother William. Nothing short of definite declarations of the gift would suffice to show the intention, and that is all that the evidence can be considered on, for it does not purport to show a delivery. And such declarations are viewed with suspicion by the courts, and have to be clear and definite, and es-

tablished by evidence which is trustworthy, clear and convincing. Hamlin v. Stevens, 177 N. Y. 39, 69 N. E. 118; Rosseau v. Rouss, 180 N. Y. 116, 72 N. E. 916; Braun v. Ochs, 77 App. Div. 20, 79 N. Y. Supp. 100; Lucas v. Boss, 110 App. Div. 220, 97 N. Y. Supp. 112.

4. But it is not necessary to inquire so closely into the evidence of declarations in this case, not only because of a complete absence of evidence of a delivery and of the divesting of the husband of his possession and title and vesting the same in the wife thereby, which is an essential requisite of a gift, but because of affirmative proof that the husband did not deliver the bank book but kept it himself and continued to use the fund. Matter of Crawford, 113 N. Y. 560, 21 N. E. 692, 5 L. R. A. 71.

The case Matter of Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711, has no bearing on the principal question in this case. There was no question of a gift there, but of a voluntary trust, and the rule of the requisites to make out a gift have no application to a trust. Matter of Crawford, supra; Young v. Young, 80 N. Y. 422, 36 Am. Rep. 634. Indeed, the trustee is the one to keep possession of the trust fund and of the bank book or other evidence of it. No delivery to the beneficiary takes place.

Consideration of such cases as McElroy v. Albany Savings Bank, 8 App. Div. 46, 40 N. Y. Supp. 422, McElroy v. National Savings Bank, 8 App. Div. 192, 40 N. Y. Supp. 340, Matter of Meehan, 59 App. Div. 156, 69 N. Y. Supp. 9, De Puy v. Stevens, 37 App. Div. 289, 55 N. Y. Supp. 810, and Platt v. Grubb, 41 Hun, 447, has not been omitted. Once it is perceived that the common law rule of the survivor taking in the case of husband and wife no longer exists, and that a gift has to be proven in the case of husband and wife the same as in that of parent and child, and in all cases, the remarks to be found here and there of a distinction in a case of husband and wife, cease to have any weight, and should not mislead.

While cases are cited for the majority opinion, it must be observed that they do not meet the question before us, viz., whether the act of a husband in associating his wife with him in a deposit of his money in a savings bank is or can be a completed gift to her by him of such deposit, or even unequivocal evidence of an intention to make such a gift. There is no case which is authority for that proposition.

The judgment should be reversed.