HUSBAND AND WIFE (§ 14*)—PROPERTY OWNED IN COMMON—BOND AND MORT-
GAGE—IMPLIED GIFT.

> Where a purchase-money mortgage is given to a husband and wife, the wife having joined in the deed to the property mortgaged to convey her dower, on the husband's death she takes the mortgage absolutely.
>
> [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 71–89; Dec. Dig. § 14.*]

In the matter of the settlement of the accounts of Nicholas L. Rapelje, executor. Decree rendered.

Kiendl Brothers (James E. Smyth, of counsel), for executor.
Van Mater Stilwell, for objectant, Henrietta Debbe.
Jacob I. Bergen, special guardian.

KETCHAM, S. The dispute arises whether a bond and mortgage for $12,000 made to the decedent and his wife belongs wholly to the wife or to her and the decedent's estate equally. The husband and wife joined in a deed of lands belonging to him, and upon the conveyance the security in question was made as a purchase-money mortgage. It is admitted that the wife joined in the deed "for the purpose of conveying her dower." The mortgage was in force at the decedent's death.

The stipulation on which the case is submitted admits that the record alone shows the facts in this matter, and this seems to forbid inquiry as to the possession of the bond and mortgage either before or since the death of the husband. The only conclusion is that it was in the possession equally of husband and wife until the death of the former.

Where a husband invests his own money in a security taken in the names of himself and his wife, and the investment remains unchanged during his life, if there is no evidence outside of the documentary vestiges of the transaction to characterize its purpose, the security belongs to the wife upon the death of the husband. Sanford v. Sanford, 45 N. Y. 723, on second appeal, 58 N. Y. 69, 17 Am. Rep. 206; Wilcox v. Murtha, 41 App. Div. 408, 58 N. Y. Supp. 783; Fowler v. Butterly, 78 N. Y. 68, 72, 34 Am. Rep. 507; West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493.

Of the cases last cited, the first two are precisely in point. In Fowler v. Butterly, supra, the rule, though not essential to the decision, is stated as well settled; and in West v. McCullough, supra, although the simple form of the deposit was not the only evidence of the intention, the conviction of the majority of the court is apparent that, in the absence of any supplementary proof, the fact of the deposit alone created a presumption or a controlling indication that the parties intended that the survivor should take the fund.

Matter of Albrecht, 136 N. Y. 91, 32 N. E. 632, 18 L. R. A. 329, 32

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Am. St. Rep. 700, is not arrayed against the rule found in these cases. There the money invested belonged half and half to the husband and wife, and they were, therefore, held to be owners in common of the security. The feature of equal contribution by the parties has been held to distinguish the case last cited. West v. McCullough, 123 App. Div. 849, 108 N. Y. Supp. 493.

The rule by which to determine whether or not the survivor is entitled to the proceeds of the investment should be the same whatever may be the variation in the kind of investment; and the courts have not only applied it upon the same reasoning to notes, bonds, and mortgages and deposits in bank, to which husband and wife were parties, but have interchangeably cited the cases arising upon these several forms of investment.

Nothing seems to break the current of these decisions except the case of Matter of Baum, 121 App. Div. 496, 106 N. Y. Supp. 113. There it appeared from the opinion that the husband, owning land, conveyed it, his wife joining, and took back a purchase-money bond and mortgage made payable to both husband and wife; that she afterward died; and that the husband claimed the proceeds of the security as survivor. With no other fact revealed, the learned court say:

"The law of ownership or tenancy by the entirety does not apply to personal property. To enable the husband to take the whole by survivorship, there would, therefore, have to be an agreement to that effect, or a gift causa mortis, and there is neither here."

The Baum Case has been read by counsel as authority that, upon the mere taking of the mortgage in the manner described, without further evidence as to intention, neither gift nor agreement for title by survivorship can be found. The opinion admits of no other meaning upon the facts to which it is apparently confined; but the record of the case on appeal discloses convincing evidence and express finding in the court below that the securities were taken "with the intent, understanding, and agreement, by and between them, that the wife should have, own, and be entitled to an equal share therein with her husband; that her share therein would be one-half thereof; and that upon her death her share should not go to her surviving husband by virtue of survivorship, but should be and become assets of her estate."

Under this proof and finding, the conclusion of the court that neither gift nor agreement was "there" depended upon the ground, not that the law would refuse to deduce one or both of them from the documentary proofs, standing alone, but that neither could exist where an agreement was actually made which excluded both gift and contract.

The case is limited to the proposition that, if parties have made an agreement, it should be applied. It contains nothing to disturb the decisions first cited supra, nor does it stand in the way of the present conclusion that the wife is entitled to the bond and mortgage and to their proceeds.

The decree should settle the account accordingly.

Decreed accordingly.