## WEGMANN v. KRESS.

(Supreme Court, Trial Term, Kings County. February 19, 1912.)

1. HUSBAND AND WIFE (§ 49½*)—GIFTS BY HUSBAND—EFFECT.

　　When a husband takes a note to himself and wife, he furnishing the whole consideration, it is a gift to the wife if she survives him; but the wife has no legal interest in it until his death, and in case of her predecease her administrator or personal representative can take nothing.

　　[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 249–255; Dec. Dig. § 49½.*]

2. HUSBAND AND WIFE (§ 14*)—TRANSACTIONS—CONSIDERATION.

　　Where a husband sold real property, his wife joining him in the conveyance, so as to release her inchoate right of dower, and the husband in payment took notes in favor of himself and wife, the wife's release of dower was not sufficient consideration to make her joint owner of the notes during the lifetime of the husband.

　　[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 71–86, 88, 89; Dec. Dig. § 14.*]

Action by Maggie Wegmann, as administratrix with will annexed of the goods, chattels, and credits of Wilhelmina Kress, deceased, against Christian Kress. On motion for new trial after judgment for defendant (152 App. Div. 937, 137 N. Y. Supp. 1148). Motion denied.

Edward B. Bloss, of New York City, for plaintiff.
Roy, Watson & Naumer, of Brooklyn, for defendant.

BLACKMAR, J. The defendant and plaintiff's testatrix were husband and wife. The defendant sold certain real property owned by him, his wife joining in the deed to bar her inchoate right of dower, and took back mortgages payable to Christian Kress and Mina Kress. Subsequently the wife died, and, the defendant having collected the avails of the mortgages, the plaintiff, the wife's representative, brought this action against him to recover one-half the proceeds of the mortgages which he had collected. The only issue litigated was whether the interest of the wife in the mortgages was such that title to one-half thereof vested in her representative at her death.

[1] At the conclusion of the trial, both parties joined in requesting the court to direct a verdict. A verdict was directed for the defendant, and a motion made for a new trial. In Borst v. Spelman, 4 N. Y. 284, the doctrine is taught that, when an obligation is taken to husband and wife, the action survives to the wife, who is entitled to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the proceeds; that the form of the security implies a design by the husband to benefit the wife, and the law will give effect to that intention. In Sanford v. Sanford, 45 N. Y. 723, it was held that, when a husband takes a note to himself and wife, he furnishing the whole consideration, it is a gift to the wife if she survives him; but the wife has no legal interest in it until his death. The rule has been many times reasserted as still existing, although it had its origin in the rules of the common law regulating the relation of husband and wife. Sanford v. Sanford, 58 N. Y. 69; McElroy v. National Savings Bank, 8 App. Div. 192, 40 N. Y. Supp. 340; Wilcox v. Murtha, 41 App. Div. 408, 58 N. Y. Supp. 783; Wetherow v. Lord, 41 App. Div. 413, 58 N. Y. Supp. 778; West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493, affirmed in 194 N. Y. 518, 87 N. E. 1130; Matter of Meehan, 59 App. Div. 156, 69 N. Y. Supp. 9; Fowler v. Butterly, 78 N. Y. 68, 34 Am. Rep. 507. Even in Matter of Albrecht, 136 N. Y. 91, 32 N. E. 632, 18 L. R. A. 329, 32 Am. St. Rep. 700, where the rule is laid down that there is no survivorship in personal property, the court, seemingly to prevent the error of assuming that the case overruled Borst v. Spelman and Sanford v. Sanford, carefully restated the doctrine of those cases.

Nearly all the cases cited show the wife claiming the property after the death of her husband, but in the case at bar the husband claims it after the death of the wife. But the rule (although for a different reason) is as effective where the husband claims as where the wife does. This is the practical difference: The husband owns the property during his lifetime, and it is only after his death that the wife's claim arises. Her right arises because the law presumes and carries into effect an intent on the part of the husband to make a gift to her to take effect at his death. So, in Sanford v. Sanford, 45 N. Y. 723, it is said, "The wife has no legal interest in it until his decease," and the decision in that case turned upon that very element of the rule. A reading of all the other cases cited shows that the rule is that, where the husband furnishes the consideration and takes a security payable to himself and his wife, he has the full title to it during his life, and the wife's interest arises only in case he owns the security at his death and she survives him.

[2] The only case that gives us pause is the Matter of Baum, 121 App. Div. 496, 106 N. Y. Supp. 113. In this case the husband was the survivor, and yet the wife's estate was held to be entitled to half the security. The opinion in that case, if it states the rule of law correctly, overrules all the cases cited above, including several in the Court of Appeals. The opinion in the Baum Case should be read in connection with the dissenting opinion by the same justice in West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493. These two opinions are based on the proposition that Borst v. Spelman and Sanford v. Sanford are no longer authority. The affirmance of West v. McCullough by the Court of Appeals in 194 N. Y. 518, 87 N. E. 1130, disposes of the dissenting opinion, and an examination of the appeal book in Matter of Baum shows sufficient reason for the decision of the court in that case, without unsettling a well-established rule of law. Matter of Rapelje, 66 Misc. Rep. 414, 123 N. Y. Supp. 287.

It is true that, if both parties united in furnishing the consideration, a different rule would apply; but the fact that the wife released an inchoate right of dower is not sufficient to change the rule. Wilcox v. Murtha, 41 App. Div. 408, 58 N. Y. Supp. 783.

It follows that the direction of the verdict for the defendant was right, and the motion for a new trial is denied.