HAROLD G. PARKER AND MAY J. PARKER, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90260. Promulgated February 10, 1939.

W. A. Seifert, Esq., Floyd F. Toomey, Esq., A. G. Wallerstedt, Esq., and William H. Quealy, Esq., for the petitioners.

Ralph E. Smith, Esq., and William G. Cullen, Esq., for the respondent.

426

## OPINION.

HILL: In determining the deficiency here in controversy respondent taxed all of the gain derived from the individual securities trading account of the petitioner, Harold G. Parker, and disallowed the deduction of any part of the loss sustained in the so-called joint ac-

count carried in the names of both petitioners. Respondent's action was based upon the theory that the joint account constituted a joint venture which, for tax purposes, must be treated as a partnership,[1] and that the deduction by an individual partner of his share of a partnership loss resulting from the sale of noncapital assets is prohibited by section 23 (r) (1) of the Revenue Act of 1932.[2]

In *Percy H. Johnston*, 34 B. T. A. 276; affd., 86 Fed. (2d) 732; certiorari denied, 301 U. S. 683, we held that a partner entitled as such to a share of the profits of the partnership upon its sale of noncapital assets could not, in computing his individual taxable income, reduce such share of profits by the amount of his loss upon the sale of other similar assets owned by himself individually. We held to the same effect in *Edward Klauber*, 34 B. T. A. 998, and *Harry H. Neuberger*, 37 B. T. A. 223. In *Robert C. Winmill*, 35 B. T. A. 804; affirmed on this point, 93 Fed. (2d) 494, the taxpayer, who was a member of a partnership engaged in the stock brokerage business, operated three securities trading accounts as an individual and four accounts jointly with others. We held that the joint accounts there involved constituted joint ventures, and that the taxpayer's gains from the joint accounts, as well as from the partnership, could not be offset against the loss sustained on his individual accounts.

All parties to this proceeding accept the principles enunciated in the decisions above cited as settled law, but petitioners contend that the so-called joint account hereinabove referred to was in fact not a joint venture but the property of petitioner Harold G. Parker, and that hence he is entitled under the quoted statute to apply the loss sustained in that account against the gains derived in his other individual trading account. Thus, the issue submitted is narrowed to the question of whether or not such joint account constituted a joint venture; if so, the deficiency determined by respondent must be approved; if not, there is no deficiency due.

The question presented involves substantially a state rule of property and, since petitioners reside in the State of New York, in resolving the question we are bound by the decisions of the courts of that state. *Tyler* v. *United States*, 281 U. S. 497, 501; *Warburton* v. *White*, 176 U. S. 484, 496. However, the rule recognized in New

---

[1] SEC. 1111. (a) (3) The term "partnership" includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this Act, a trust or estate or a corporation; and the term "partner" includes a member in such a syndicate, group, pool, joint venture or organization.

[2] SEC. 23. (r) LIMITATION ON STOCK LOSSES.—(1) Losses from sales or exchanges of stocks and bonds (as defined in subsection (t) of this section) which are not capital assets (as defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges (including gains which may be derived by a taxpayer from the retirement of his own obligations).

York does not appear to differ materially from that generally recognized in most jurisdictions.

In *Rowley's Modern Law of Partnership*, vol. 1, ¶ 160, it is said:

A joint adventure is a commercial enterprise undertaken by several persons jointly. It is of a nature analogous to partnership and governed, in most respects by the same rules of law (citing *inter alia Chester* v. *Dickerson*, 54 N. Y. 1; *Ross* v. *Willett*, 27 N. Y. S. 785).

In *Ross* v. *Willett*, 27 N. Y. S. 785, the Supreme Court of New York said:

A joint adventure is a limited partnership; not limited in a statutory sense as to liability, but as to its scope and duration, and under our law joint adventures and partnerships are governed by the same rules. *Hubbell* v. *Buhler*, 43 Hun. 82–84.

The principal distinction between a partnership and a joint venture is that a joint venture relates to a single transaction and a partnership to a general business of some particular kind. *Febbel* v. *Kahn*, 51 N. Y. S. 435. There is no real distinction between a joint venture and what is termed a partnership for a single transaction. *Garrison* v. *Bowman* (Texas), 183 S. W. 70. See also 33 C. J. 841.

It would seem that the authorities cited clearly establish the principle that the elements generally recognized as essential to constitute a partnership must also be present to create a joint venture, which is said to be nothing more than a partnership limited in scope and duration.

What factors, then, are necessary to constitute a partnership? This question we considered at some length in *Thomas M. McIntyre*, 37 B. T. A. 812, and there reached the conclusion that notwithstanding the petitioner and his wife had executed a written instrument purporting to form a partnership for the conduct of an accounting business, no bona fide partnership was created by such instrument where the wife made no contribution of capital to the enterprise and did not render any services to it, and no accounting was made to the wife for any distributive share of the net earnings. We pointed out that:

One of the essential elements of a partnership is the contribution by each member of either property or services. See *George M. Cohan*, 11 B. T. A. 743, 757, and authorities cited. Petitioner's wife contributed neither.

What are the facts in the instant case? The so-called joint trading account was established and operated with funds contributed entirely by petitioner Harold G. Parker. His wife contributed neither capital nor services to the enterprise; she did not participate in the conduct of the account; there was no understanding that she should share in the profits or losses, and no accounting was made to her therefor. No interest in the cash or securities contained in the account was

given to her. She was merely accorded the right to withdraw money from the account, if occasion required, for the same purposes she was permitted to check on the joint bank account, namely, to pay household expenses. In addition, she acquired only the right of survivorship in case her husband should predecease her prior to termination of the account. *In re Albrecht's Estate*, 136 N. Y. 91; 32 N. E. 632; *Moskowitz* v. *Marrow*, 251 N. Y. 380; 167 N. E. 506; *Wetherow* v. *Lord*, 58 N. Y. S. 778, 782; *In re Moran's Estate*, 215 N. Y. 649.

In support of his argument that the joint account constituted a joint venture, respondent points to the language used in the two instruments executed by petitioners, which are set out in our findings of fact above. Those instruments obviously were for the protection and benefit of the brokers, and we think are not controlling here. Even if petitioners had entered into a formal contract of partnership, under the facts disclosed in this case it would not have created a bona fide partnership or joint venture, and, if gains instead of a loss had resulted from the account, such income would have been taxable to petitioner Harold G. Parker. *Thomas M. McIntyre, supra*.

For the reasons indicated, we hold that the so-called joint account was not a joint venture but in fact the individual trading account of petitioner Harold G. Parker, and that he is entitled to deduct the loss sustained in such account from the gains realized in his other account. Respondent's action is reversed.

*Decision will be entered for the petitioners.*